**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Morris Graham McCROCKLIN,**
**Defendant-Appellant.**

**No. 18979.**

United States Court of Appeals
Sixth Circuit.

May 27, 1969.

W. Robinson Beard (court-appointed), Louisville, Ky., for appellant.

Philip Huddleston, Asst. U. S. Atty., Louisville, Ky., for appellee; Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant was convicted for violation of the Dyer Act, 18 U.S.C. §§ 2311–2313 (1964), on October 26, 1966, and sentenced to two concurrent two-year terms. These terms were to run consecutively to a state sentence previously given him on October 5, 1966, for passing bad checks. While in state custody a federal detainer concerning the Dyer Act charges had been lodged against him. After serving the state sentence, appellant was transferred to a federal penitentiary to serve the federal sentence.

On April 1, 1968, he applied by letter to the District Court for the Western District of Kentucky to secure credit for 132 days spent in jail prior to imposition of his state sentence. Terming this a Rule 35 motion, the District Judge denied it without hearing.

Since the motion was clearly out of time under Rule 35 of the Federal Rules of Criminal Procedure, we prefer to treat it as having been made under 28 U.S.C. § 2255. This, however, does not require determination on any different standards than those employed by the District Judge.

Appellant's reliance is upon 18 U.S.C. § 3568, as amended in 1966. The particular sentence reads: "The Attorney General shall give any . . . person [convicted of a federal offense] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." It seems clear to us, as it did to the District Judge, that appellant was in jail prior to imposition of his state sentence because of failure to make a state bond and not because of the federal detainer which was filed because of the Dyer Act violations.

The judgment of the District Court is affirmed.