**Richard S. SIMMS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 3–1080A329.

Court of Appeals of Indiana,
Fourth District.

June 11, 1981.

---

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

MILLER, Judge.

Defendant-appellant Richard S. Simms on September 17, 1979 plead guilty to the Class D felonies of theft[1] and escape.[2] He was sentenced by the Elkhart Superior Court on January 2, 1980 to four years imprisonment on each offense with the sentences running consecutively. Simms received 260 days credit for pre-trial confinement which credit was applied only to the sentence imposed for theft. Subsequently, on June 18 Simms filed a *pro se* "Motion to Allow Jail Time Credit" of 260 days to be applied against the escape sentence which the trial court denied on July 7. A *pro se* Motion to Correct Errors, filed August 21, was also denied by the court and Simms now appeals to this Court raising two issues for our review:

1. Ind. Code 35–43–4–2 (1980 Supp.) defines theft as follows:

    (a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

    (b) A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D felony.

2. Ind. Code 35–44–3–5 (1980 Supp.) defines escape as follows:

    A person who intentionally flees from lawful detention or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose of limited period commits escape, a Class D felony. However, the offense is a Class C felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person.

Ind. Code 35–50–2–7 (1980 Supp.) establishes the punishment for a Class D felony as follows:

    (a) A person who commits a Class D felony shall be imprisoned for a fixed term of (2) years, with not more than (2) years added for aggravating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,000).

1) Did the trial court err in denying Simms pre-trial confinement credit applicable against the sentence for escape?

2) Did the trial court commit fundamental error in failing to specify its reasons for imposing consecutive sentences?

For the reasons stated below, the trial court's judgment is affirmed.

## FACTS

The undisputed facts, as revealed by the briefs, indicate Simms originally was arrested for theft on April 20, 1979. Four days later he escaped from custody but was re-captured on April 25 and charged with escape the next day. Simms plead guilty to both charges on September 17, but, due to intervening proceedings at which he requested treatment as a drug abuser, he was not sentenced until January 2, 1980 when the trial court imposed the maximum four year sentence on each charge, the sentences to run consecutively, and granted credit for 260 days served prior to sentencing *only* against the theft conviction.[3] Simms then filed his *pro se* motion requesting credit against the four year escape sentence for the time served between his re-capture on April 25, 1979 and his sentencing on January 2, 1980. (The State admits Simms was held continuously during this period for the escape charge totaling 252 days). This motion was denied without a hearing, the court refusing to allow Simms a "double credit." Simms' subsequent *pro se* Motion to Correct Errors, filed August 21, was also denied after which the trial court appointed the Public Defender of Indiana to represent him on appeal. He now comes to this Court raising for our consideration the previously stated issues.

## DISCUSSION AND DECISION

### A. *Issue One.*

Essentially, Simms argues that Ind. Code 35–50–6–3 (1980 Supp.), required the trial court to grant him credit for his pre-sentence confinement against *both* the theft and escape consecutive sentences. Section 3, *supra,* reads as follows:

"(a) A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing.

(b) A person assigned to Class II earns one (1) day of credit time for every two (2) days he is imprisoned for a crime or confined awaiting trial or sentencing."

(c) A person assigned to Class III earns no credit time."[4]

Simms appears to assert two alternative bases for his argument. First, he claims the statute is clear and unambiguous on its face claiming the statutory language of "one (1) day of credit time for each day . . . imprisoned for a crime" mandates the construction that the following language "confined awaiting trial or sentencing" must apply to each crime and, therefore, provided dual credit against two consecutive sentences for two separate crimes. Second, he suggests that if the language is not clear and unambiguous, the meaning of the language must be construed against the State and in favor of the accused. Thus "any ambiguity in [IC 35–50–6–3] must be resolved as requiring that applicable credit for time served while awaiting trial or sentencing is to be granted for *all* sentences imposed, regardless of whether they are ultimately made concurrent or consecutive." Appellant's brief pp. 15–16 (emphasis in original) (*citing Shutt v. State,* (1954) 233 Ind. 120, 117 N.E.2d 268 and *Dunbar v. State,* (1974) 162 Ind.App. 375, 319 N.E.2d 630.) As further support Simms calls our attention to Ind. Code 35–8–2.5–2 which was the predecessor statute to IC 35–50–6–

---

3. We compute the period from April 20, 1979 to January 2, 1980 as 257 days. However, neither party disputes the 260 day pre-sentence credit granted by the trial court.

4. Ind. Code 35–50–6–4(a) (1980 Supp.) states: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." There is no question that Simms is a Class I inmate.

3.[5] Simms notes that Section 2, *supra,* unlike the current statute, expressly distinguished between the credit allowed against concurrent and consecutive sentences as demonstrated by the following language from the statute:

"Application of credit for time served—Various sentences.—Whenever the criminal charge or charges for which sentence is imposed or the conduct on which such a charge or charges is based culminate in more than one sentence, the time and credit provided for in section 1 [IC 35–8–2.5–1] of this chapter shall be applied as follows:

(a) If the sentences run concurrently, the credit shall be applied against each sentence;

(b) If the sentences run consecutively, the credit shall be applied against the aggregate term of the sentences."

The State responds that the language of IC 35–50–6–3 is clear and unambiguous in providing only one day of credit for sentences irrespective of their consecutive nature. Its entire argument on this issue is as follows.

"The statute is clear and unambiguous in that it provides for one day of credit time for each day of confinement while awaiting trial or sentencing. There is no provision, under the statute, for earning two days of credit time for each day of confinement while awaiting trial or sentencing. Since words and phrases in a statute are to be given their plain meaning, the statute cannot be logically construed to grant credit time in excess of that clearly provided by statute. *Beach v. State,* (1980) Ind.App., 411 N.E.2d 363 [Petit. to transf. pending]. The only sensible application of the statute under these circumstances is to allow Defendant only one credit for the time served."

Appellee's brief, p. 4.

"The bedrock rule of statutory construction is that a statute clear and unambiguous on its face need not and cannot be interpreted by court," *Economy Oil Corp. v.*

*Indiana Dept. of State Revenue,* (1974) 162 Ind.App. 658, 663, 321 N.E.2d 215, 218, and absent a manifest legislative intent that words employed in the statute are to be given a technical or limited construction, we will interpret the words according to their plain, ordinary and usual definitions. *Beech v. State, supra; Dunbar v. State, supra.* Further, we recognize the general rule that if a criminal statute is ambiguous and unclear it must be construed strictly against the State and in favor of the defendant. *Shutt v. State, supra.* However, this does not mean the statute is to be so construed when such construction creates an absurd result which the legislature ought not to be presumed to have intended. As stated in *Ross v. State,* (1894) 9 Ind.App. 35, 38–39, 36 N.E. 167, 168–69 (quoted in *McCormick v. State,* (1978) Ind.App., 382 N.E.2d 172, 175–76):

"Courts are not bound to adopt a construction that would lead to such manifest absurdity in order that the strict letter of the statute may be adhered to. They will rather look to the intention of the legislature, as gathered from the import of the whole act, and will carry out such intention as thus obtained. As said by an Indiana law writer: 'Though penal laws are to receive a strict construction, they are not to be construed so strictly as to defeat the obvious or expressed intent of the legislature.' Gillett, Crim.Law § 20."

Mindful of these statutory construction rules, we disagree with the State's position that the language of IC 35–50–6–3 is clear and unambiguous. Unlike its predecessor (IC 35–8–2.5–2) the current statute fails to make specific reference to concurrent and consecutive sentences and, therefore, does not expressly provide the methods for assessing credit time to those sentences. Our Supreme Court in *Owen v. State,* (1979) Ind., 396 N.E.2d 376 and *Franks v. State,* (1975) 262 Ind. 649, 323 N.E.2d 221 interpreted the specific language in the predecessor statute, as it ap-

---

**5.** IC 35–8–2.5–2 was repealed by Acts 1978, P.L. 2, § 3555, effective March 9, 1978, as

provided in Acts 1978, P.L. 2, § 3602(b) and replaced with IC 35–50–6–3.

plied to concurrent sentences, to mean "that a defendant who was awaiting trials on different crimes during the same period of time and who was convicted and sentenced separately on each should have full credit applied on each sentence." *Owen v. State, supra* at 383 (citing *Franks v. State, supra,* as direct support for the quoted holding). Although that part of the predecessor statute, subsection (b) of IC 35–8–2.5–2, which made provision for pre-sentence credit in the case of consecutive sentences was not construed by our Courts, it clearly expressed the intent of the Legislature that the pre-sentence credit "be applied against the aggregate term of the [consecutive] sentences." *Id.* Consequently, it was clear that if the defendant had served time prior to sentencing on two separate offenses and had received consecutive sentences, IC 35–8–2.5–2(b) required applying one day of credit for each day of time served, with such credit to be applied to the total of the sentences rather than to each sentence.

While we reject the State's argument that IC 35–50–6–3 is clear and unambiguous, we also reject Simms' argument that "any ambiguity in [IC 35–50–6–3] must be resolved as requiring that applicable credit for time served while awaiting trial or sentencing is to be granted for *all* sentences imposed, regardless of whether they are ultimately made concurrent or consecutive." Appellant's brief, pp. 15–16 (emphasis in original). We note that IC 35–50–6–3 governing pre-sentence confinement credit responds to potential equal protection problems which would arise if pre-sentence confinement resulted from the defendant's inability to post bail and, therefore, would create different periods of total confinement being served by two prisoners convicted of the same offense solely because one has the money to post bail and the other does not. *See Brown v. State,* (1975) 262 Ind. 629, 322 N.E.2d 708 (interpreting IC 35–8–2.5–1 *et seq.*)

We feel that it is clear that acceptance of Simms' argument would create a result not intended by the Legislature and, in fact, one which it sought to prevent, i.e., requiring a convicted defendant *who posted bail* to be imprisoned for a longer actual period than another defendant convicted for the same offense who could not post bail. Hypothetically, in the case before us, had Simms been in jail for one year preceding sentencing and had been charged with a co-defendant who posted bail and both ultimately received the same four year consecutive sentences, the co-defendant would be subject to the full eight year aggregate imprisonment without any pre-sentence credit while Simms' second four year sentence would be reduced by his pre-sentence confinement thus shortening his aggregate imprisonment, including the one year pre-sentence confinement, to seven years. Here the statute has been satisfied by giving Simms full credit on the first sentence and we conclude there is no basis for the proposition that the legislature could have contemplated "extra" or "double" credit to a convicted felon under these circumstances.

Admittedly neither party before this Court presented a case directly on point on this issue; nor did our own research reveal such a case. However, we observe that, at the federal level, 18 U.S.C. § 3568 (1970) provides a criminal defendant credit for his pre-sentence confinement utilizing the following language.

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.* As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress." (Emphasis added.)

In *Siegal v. United States*, (2nd Cir., 1970) 436 F.2d 92 a New York state prisoner, while serving a state sentence imposed under New York law, was taken to a federal house of detention by agreement with New York authorities and then returned to state custody following his sentencing in federal district court. He was given credit on his state sentence for the time spent during his federal detention. However, he claimed a similar credit therefor on his federal sentence. Mr. Justice Clark, Retired, speaking for the Second Circuit rejected as an "absurdity" the claim that double credit was required by § 3568, *supra*. *Siegal v. United States, supra* at 95.

Again, in *United States ex rel. Derengowski v. United States Attorney General*, (8th Cir., 1972) 457 F.2d 812 the defendant claimed credit for time held in federal custody pursuant to a writ of *habeas corpus ad prosequendum* awaiting trial and disposition of a federal charge. Throughout the time the defendant was in federal custody he continued to serve his state-imposed sentence and the state of Illinois allowed him credit for those days towards the service of his state sentence. The Eighth Circuit in rejecting defendant's claim concluded at 813:

> "To allow credit for any of this time would result in appellant receiving double credit for this period. *Jefferson v. United States*, 389 F.2d 385 ([2d Cir.,] 1968). *See Howard v. United States*, 420 F.2d 478 ([5th Cir.,] 1970) and *Rodriguez v. United States*, 405 F.2d 857 ([5th Cir.,] 1969). Congress, in amending 18 U.S.C. § 3568, could not have intended that credit be given toward a federal sentence under such circumstances."

Numerous other federal courts have similarly interpreted 18 U.S.C. § 3568 and we adopt their rationale of § 3568, *supra*, in rejecting Simms' argument. *See Jackson v.*

*State of Alabama*, (5th Cir., 1976) 530 F.2d 1231; *McIntyre v. United States*, (8th Cir., 1975) 508 F.2d 403, *cert. denied*, 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 673; *Culotta v. Pickett*, (7th Cir., 1974) 506 F.2d 1061, *cert. denied*, 421 U.S. 968, 95 S.Ct. 1961, 44 L.Ed.2d 458; *Cox v. State*, (1974) 214 Kan. 652, 522 P.2d 173; *See also Bruss v. Harris*, (10th Cir., 1973) 479 F.2d 392; *United States v. Eidum*, (9th Cir., 1973) 474 F.2d 579; *United States v. McCrocklin*, (6th Cir., 1969) 410 F.2d 1137.

### B. *Issue Two.*

■ Simms contends the trial court committed fundamental error by failing to specify its reasons for imposing a consecutive and enhanced sentence as required by Ind. Code 35-4.1-4-3 (1980 Supp.) for a sentencing hearing in a felony case.[6] Therefore, he requests this Court to order the trial court to eliminate the two years added for aggravating factors reducing the two consecutive sentences of four years to two concurrent sentences of two years. The State counters that the trial court adequately stated its reason for imposing the sentence appealed from and requests that we affirm the two sentences imposed. We agree with the State's position.

A review of the record reveals that a pre-sentence report filed with the court demonstrated a history of misdemeanor and felony activity beginning while Simms was still a juvenile. The trial court utilized this report in sentencing Simms and specifically referred to a prior felony conviction for burglary which resulted in Simms serving more than two years of a one to five year sentence. The court's statement represented at least one reason for imposing consecutive and enhanced sentence. Ind. Code 35-4.1-4-7(c)(2) (1980 Supp.). While the trial court could have made a more cohesive and comprehensive statement explaining its spe-

---

**6.** IC 35-4.1-4-3 provides:

"Sentencing Hearing in Felony Cases. Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present infor-

mation in his own behalf. The court shall make a record of the hearing, including:
 (1) a transcript of the hearing;
 (2) a copy of the pre-sentence report; and
 (3) if the court finds aggravating circumstances, a statement of the court's reasons for selecting the sentence that it imposes."

cific reason for imposing the four year consecutive sentences, the statement was sufficient to satisfy Ind. Rules of Appellate Review, Sentencing Rule 2(1). *Rowley v. State*, (1979) Ind., 394 N.E.2d 928; *Accord, Gardner v. State*, (1979) Ind., 388 N.E.2d 513; *Gary v. State*, (1980) Ind.App., 400 N.E.2d 215.

For the foregoing reasons the judgment of the trial court is affirmed.

YOUNG, P. J., and CHIPMAN, J., concur.