Donny LANHAM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 55A01–8812–CR–411.

Court of Appeals of Indiana,
First District.

June 22, 1989.

Michael C. Ice and McNutt, Hurt & Blue, Martinsville, for appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Donny Lanham appeals from his convictions for child molesting and criminal confinement.

Lanham was charged with the above offenses after he went to the home of an acquaintance, removed the nine-year old daughter of the acquaintance, the victim, as she slept, and carried her to a nearby lot and molested her. Accompanying Lanham was Richard Burchett, who was also charged with molesting the victim that

night in a separate cause. At trial, the victim testified that several men had put a blanket over her face and taken her from her home to the lot and molested her beneath a bus. However, she was not able to testify to the details of the acts, and the court permitted the State to show a videotaped statement of the victim. Richard Burchett testified that he had been an unwilling accomplice that night and he admitted briefly fondling the victim. He testified that Lanham had performed deviate sexual conduct on the victim and had struck her and threatened her to be quiet. Burchett said he left the scene before Lanham released the victim.

The jury convicted Lanham as charged. Following the verdict, Lanham filed a motion for new trial based on newly-discovered evidence, which the trial court denied. Lanham appeals, presenting these three issues:

I. Whether the videotaped statement of the victim was admitted in lieu of the victim's in-court testimony?

II. Whether the trial court erred in not applying credit for pre-trial confinement to both sentences when they are to be served consecutively?

III. Whether the trial court erred in denying Lanham's motion for new trial on the basis of newly-discovered evidence?

## I.

■ Lanham contends that the State failed to lay a proper foundation for admission of the victim's videotaped statement in which she gives details of her sexual abuse. The State may not put into evidence a witness-declarant's version of the facts solely through the admission of the witness's prior statement under the pretext of the *Patterson* rule. *Lewis v. State* (1982), Ind., 440 N.E.2d 1125. See, *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. *Lewis* mandates that at some point the State must put the declarant of the prior statement on the stand and elicit direct testimony as to the facts at issue. *Lewis, supra.*

The facts of this case are identical to those of *Thurston v. State* (1985), Ind., 472 N.E.2d 198. There, the prosecutor was unable to elicit further direct testimony from the young victim about what had occurred during the Thursdays the victim had spent with defendant in his apartment. In her tape-recorded statement she had divulged that the defendant had fondled her and performed an act of sexual deviate conduct on her. The supreme court held that declarant's statement need not be offered at the time the declarant-witness is on the stand. In the instant case, the victim was present in court, had testified to facts related to those contained in her videotaped statement, and was available for cross-examination on those facts. We find no error in the admission of her videotaped statement.

## II.

■ The trial court pronounced sentence after finding that substantial aggravating circumstances outweighed the mitigating circumstances. Lanham received ten years on the child molesting count with no credit time given, and five years on the confinement count, to be served consecutive to the sentence on count I. The court applied 379 days of credit time against the 5–year sentence for confinement, corresponding to Lanham's pre-trial time in jail. The court then suspended the sentence on the confinement count, subject to five year's probation.

Lanham confines his argument to the trial court's failure to give him 379 days credit on both counts for which he was sentenced. This precise issue was squarely decided in *Simms v. State* (1981), Ind.App., 421 N.E.2d 698. That holding is adverse to Lanham's position. Simms also had received consecutive sentences, but was awarded credit time under only the first sentence. The court held that where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit time is applied against the aggregate sentence, not against each individual sentence. *Simms, id.* The court observed that if credit were given against

each sentence, defendant would receive a "double" credit, which would result in a defendant who posted bail serving more total time than the defendant who had not posted bail. *Id.* at 702.

Lanham attempts to distinguish *Simms,* asserting that Simms' sentence was mandatorily consecutive, unlike his sentence, which the trial court had ordered to run consecutive in its discretion, utilizing statutory guidelines. Lanham reasons that a defendant charged with two offenses for which the court would be required to make consecutive upon conviction would be apprised in advance that he would only receive credit against the aggregate of those sentence. He also argues that a court ordering consecutive sentences in its discretion is retroactively removing credit time on two offenses already earned. We find little merit in Lanham's argument; the issue is not whether defendant may or may not anticipate receiving consecutive sentences, but whether defendant may be assured how his credit time will be applied for any given outcome. Our cases remove any doubt with respect to how credit time will be applied. Lanham should not have expected to received "double" credit; therefore, no credit time was "retroactively removed." The trial court has not abused its discretion in sentencing Lanham.

### III.

 Lanham's argument on his final issue is that the trial court erred when it denied his motion for a new trial. Lanham claimed that certain records concerning Richard Burchett's history of sexual misconduct and violent behavior toward his mother was newly-discovered evidence which he had not, with due diligence, been able to discover before trial. Whether to grant a new trial on the basis of newly-discovered evidence is a matter which rests in the trial court's sound discretion. The trial court's decision will be overturned on appeal only for an abuse of discretion. *Sanders v. State* (1977), 175 Ind.App. 209, 370 N.E.2d 966.

The evidence consists of a request for authorization to file a delinquency petition, an order so authorizing, and a dispositional decree following Burchett's adjudication as a child in need of services. The various papers allege that Burchett had gotten his sister to take a photograph of him with his pants down, and had on occasion struck his mother and stolen items from the home. Lanham believes this evidence meets the criteria for newly-discovered evidence and shows that Burchett has a propensity to lie and that his past sexual misconduct shows it was more likely Burchett committed criminal deviate conduct on the victim.

In order to prevail on his claim that the above evidence is newly-discovered, the evidence had to meet the following nine-part test:

1) the evidence was discovered since trial;

2) it is material and relevant;

3) it is not cumulative;

4) it is not merely impeaching;

5) it is not privileged or incompetent;

6) due diligence was used to discover it in time for trial;

7) the evidence is worthy of credit;

8) it can be produced upon a retrial of the case; and

9) it will probably produce a different result.

*Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867, 871–72.

Because we find that the evidence was not material or relevant, it was merely impeaching, it was cumulative, it was not worthy of credit, and it would likely not produce a different result, then the trial court did not err in denying Lanham's motion for new trial.

Lanham's defense at trial was that he had accompanied Burchett as Burchett carried the victim to the lot and molested her. Lanham denied touching the victim at all, but testified he left before Burchett and therefore had no idea what Burchett had done to the victim. Burchett contradicted Lanham, testifying he acquiesced in Lanham's taking the victim but did not perform criminal deviate conduct on her, having only briefly fondled her vaginal area. He claimed he saw Lanham molest the

victim. Therefore, the case hinged on the credibility of the State's witness and that of the defendant.

Given the respective theories of the case, the evidence implicating Burchett in inappropriate sexual behavior when he was a juvenile is not material in this case, because Burchett's posing semi-nude for his sister does not make it more likely that Burchett performed deviate sexual conduct on the victim as opposed to fondling her. Nor does it make Lanham's version any more likely. To the extent that the evidence shows Burchett's propensity for dishonesty, it is merely impeaching, and would not qualify as newly-discovered evidence. As to the evidence of sexual misbehavior, it was cumulative because it was directed to an inference that it was Burchett who performed criminal deviate conduct and not Lanham. That inference was raised by Lanham's testimony implicating Burchett. *See Eakins v. State* (1985), Ind. App., 484 N.E.2d 607.

Also, the reports consisted of hearsay statements and are therefore not worthy of credit. Finally, given the theories that the jury heard, the evidence of Burchett's sexual misbehavior and violence toward his mother would likely not produce a different result. In fact, the jury could have rejected both stories in part, yet still believed that Lanham, the sole defendant in the trial, committed criminal deviate conduct on the victim. It need not have believed that Burchett's role in the victim's molesting was minimal in order to have found Lanham guilty.

For the foregoing reasons, we conclude that the trial court was well within its discretion in denying Lanham's motion for new trial.

Judgment affirmed.

BAKER, J., concurs.

GARRARD, P.J., concurs in result.