Bernard WILLOUGHBY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9308–CR–275.

Court of Appeals of Indiana,
Fifth District.

Dec. 30, 1993.

Robert C. Perry, Steckler Perry & Ryan, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Bernard Willoughby appeals the trial court's judgment revoking his probation and sentencing him to serve the previously suspended three-year sentence. He argues on appeal that the trial court erred in computing his pretrial confinement credit.

In 1987, in the Marion County Superior Court, Willoughby pleaded guilty to robbery. On August 26, 1987, the trial court imposed a six-year sentence with three years executed and three years suspended. Willoughby was also ordered to serve a term of probation upon completion of the executed sentence. While on probation, Willoughby was arrested and charged with battery and criminal recklessness on May 13, 1992, in Hamilton County. A notice of probation violation was filed in Marion County on May 19, 1992, but apparently the warrant based on the notice of probation violation was not served upon Willoughby until November 12, 1992, when he was returned to Marion County.

Willoughby pleaded guilty to the criminal recklessness charge in Hamilton County and on that basis the Marion County trial court revoked his probation. On April 21, 1993, the Marion County trial court ordered Willoughby to serve the previously suspended three-year sentence and credited Willoughby with time served from November 12, 1992, the date Willoughby was served with the warrant and returned to Marion County, until April 21, 1993, the date of sentencing.

Willoughby argues that the trial court should have credited him with time served from May 19, 1992, the date the notice of probation violation was filed in Marion County, until April 21, 1993, because he was in continuous custody. Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. Ind.Code 35–50–6–3; *Cohen v. State* (1990), Ind., 560 N.E.2d 1246, 1249 (quoting *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269, *reh'g. denied*); *see also Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364. Willoughby was sentenced as a result of violating his probation. He was arrested and transferred to Marion County pursuant to the probation violation notice on November 12, 1992. The court in *Dolan*, under very similar facts, stated that Dolan "should be credited for the time he spent in confinement from the date of his arrest for the violation of probation (May 25, 1978) to the date of his sentencing for the violation of probation (December 28, 1978). Dolan spent that time under the arrest warrant for the violation of probation." 420 N.E.2d at 1373. Likewise, Willoughby should be credited from November 12, 1992, until April 21, 1993, the time he was confined under the arrest warrant for the violation of probation. That is the amount of time the trial court credited Willoughby, so we find no error. The record does not contain any information concerning the sentencing in Hamilton County, but if Willoughby was sentenced for the Hamilton County crime and did not receive the proper credit due for that sentencing, then the appropriate action is to appeal the Hamilton County sentence.

Willoughby cites *Grayson v. State* (1992), Ind.App., 593 N.E.2d 1200, for the proposition that he is entitled to the credit for time spent confined in Hamilton County and if Hamilton County did not sentence him on the criminal recklessness conviction and credit his sentence for that confinement period, then the Marion County court must do so. We do not agree. In *Grayson*, the trial court sentenced Grayson for a crime committed while on probation. The trial court did not give Grayson any pretrial confinement credit because it did not know if Grayson's probation had been revoked and if credit for the confinement had been applied to that sentence, apparently concerned that Grayson not be allowed double credit. Ind.Code 35–50–1–2 provides that if, after being arrested for one crime, a person commits another crime before the date the person is discharged from probation for the first crime, then the terms of imprisonment for the crimes must be served consecutively. Noting that when a defendant is given consecutive sentences, the defendant is entitled to credit against only the aggregate sentence, citing *Lanham v. State* (1989), Ind.App., 540 N.E.2d 612, *trans. denied*, the court in *Grayson* remanded to the trial court with instructions to make the appropriate determinations with respect to the probation revocation sentence and any credit given and to credit Grayson's sentence accordingly.

The court in *Grayson* erroneously relied on *Lanham* in reaching its conclusion. In *Lanham*, the trial court imposed sentences on the two counts the defendant was convicted of and ordered the sentences to run consecutively. Pretrial confinement credit was applied only to one sentence. This was affirmed on appeal, following the rule that states: "where a defendant is confined during the same time period for *multiple offenses for which he is convicted and sentenced to consecutive terms*, credit is applied against the aggregate sentence." *Id.* at 613. We agree with this rule of law, but do not agree it is applicable in a situation where one court is imposing a sentence that may have to run consecutive to a sentence imposed on an unrelated charge, as was the situation in *Grayson* and here. This is so because credit is to be applied for confinement time that is a result of the charge for which the defendant is being sentenced. In essence, each court is responsible only for crediting time in confinement as a result of the charge for which that court is sentencing the defen-

dant. We decline to follow the language in *Grayson* that suggests otherwise.

**AFFIRMED.**

SHARPNACK, C.J., and
FRIEDLANDER, J., concur.