**Terry DIEDRICH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 50A05–0009–PC–370.**

Court of Appeals of Indiana.

March 12, 2001.

Terry Diedrich, Bunkerhill, IN, Appellant Pro Se,

Karen Freeman–Wilson, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Terry Diedrich, appeals the denial of his petition for presentence jail credit.

We affirm.

On July 17, 1998, the Marshall Superior Court issued a warrant for Diedrich's arrest in connection with a robbery. Diedrich was eventually arrested in September of 1998 and released on bond a week later. When Diedrich failed to appear at a pre-trial conference on December 16, 1998, another warrant was issued for his arrest on December 29, 1998. On January 6, 1999, the Marshall Superior Court received notice from the Indiana Department of Correction (IDOC) that Diedrich was already in the department's custody on an unrelated offense, which apparently had been committed in Starke County. By way of fax, the Marshall Superior Court learned that the IDOC had received the warrant and that Diedrich had been informed that a detainer had been filed against him.

Pursuant to an order issued by the Marshall Superior Court, Diedrich was transported from the IDOC to the Marshall County Jail during the week of July 11, 1999, and held there pending further order. On September 8, 1999, Diedrich entered into a plea agreement in connection with the robbery, was sentenced to eight years incarceration and awarded 64 days for time served prior to sentencing.[1] Diedrich later filed a Petition to Correct Presentence Jail Credit with the Marshall Superior Court, claiming that he should have been awarded "full credit" for the time spent incarcerated in the IDOC. In particular, Diedrich claimed that the Marshall Superior Court should have begun computing his credit time on January 6, 1999, the date he was served with the Marshall County warrant while incarcerated at the IDOC. That petition was denied on August 8, 2000, and Diedrich appeals that decision pro-se.

■ "A person imprisoned ... awaiting trial or sentencing is initially assigned to Class I" and based upon that classification, earns "one (1) day of credit time for each day he is ... confined awaiting trial or sentencing." *See* Ind.Code § 35–50–6–4(a) (Burns Code Ed. Repl.1998); I.C. § 35–50–6–3(a) (Burns Code Ed. Repl. 1998). Confined awaiting trial or sentencing has been construed to mean confined as a result of the charge for which the defendant is being sentenced. *Dolan v. State,* 420 N.E.2d 1364, 1373 (Ind.Ct.App. 1981); *Willoughby v. State,* 626 N.E.2d 601, 602 (Ind.Ct.App.1993). When a defendant is incarcerated on multiple unrelated charges at the same time, it is possible that a period of confinement may be the result of more than one offense. *Dolan,* 420 N.E.2d at 1373. In such a case, the defendant may receive a "full credit" on each sentence, as explained by the court in *Dolan:*

> Where a defendant is confined during the same time period for multiple offenses and the offenses are tried separately, the defendant is entitled to a "full credit" for each offense for which he is sentenced. Each "full credit" is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense.... The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

*Id.* According to Diedrich, while incarcerated in the IDOC on the unrelated charges, he was also being detained as a result of the Marshall County offense following service of the warrant on January 6, 1999. Thus, he claims that he is entitled to "full credit" on each sentence.

In his petition, Diedrich relied primarily upon *Muff v. State,* 647 N.E.2d 681 (Ind. Ct.App.1995), *trans. denied. See* Record at 15–16. In *Muff,* the defendant was arrested for forgery on July 15, 1993, and released the following day after posting

---

**1.** It appears that the 64 days consisted of the one week Diedrich spent incarcerated in September of 1998, and the period of incarceration in the Marshall County Jail following his transfer from the IDOC.

bond. On August 24, 1993, the defendant was arrested on unrelated charges. As a result, the defendant's bond on the forgery was revoked on September 8, 1993, while he was still incarcerated. The trial court noted that the sentences were to be served consecutively and concluded that the time spent incarcerated from September 8, 1993, through November 18, 1993, the date of his sentencing on the forgery, should be applied only against the sentence for forgery.

Upon appeal, the defendant argued that he should have received "full credit" on each sentence. In particular, he contended that with regard to the unrelated charges, he should have received credit for the entire time he was incarcerated following his arrest on August 24, even for the period after his bond was revoked until the sentencing on the forgery. The court on appeal agreed and awarded the defendant "full credit" on each sentence.

The holding in *Muff* has been criticized for failing to recognize that awarding "full credit" on each sentence, when the sentences must be served consecutively, enables a defendant to serve part of his sentences concurrently, a result the legislature could not have intended. In *Stephens v. State*, 735 N.E.2d 278 (Ind.Ct. App.2000), *trans. denied*, for example, the court, although acknowledging that the defendant in *Muff* had indeed received a "full credit" toward each sentence, declined to follow that holding because of a subsequent Supreme Court decision, *Corn v. State*, 659 N.E.2d 554 (Ind.1995). In particular, the *Stephens* court noted that the defendant in *Corn*, who was incarcerated on one offense while awaiting trial on a subsequent offense, unsuccessfully argued that he was entitled to a "full credit" on each offense for the same period of incarceration. *Id.* at 284. The court in *Stephens* further noted that our Supreme Court reasoned that allowing a "double credit" would be contrary to the legislative mandate that the two sentences be served consecutively. *Id.* Relying upon *Corn*, the *Stephens* court concluded that "[t]o the extent that *Muff* permits credit for time

served against each separate sentence rather than against the aggregate of the consecutive sentences, thereby resulting in double credit, we decline to follow it, and conclude that *Corn* impliedly overruled it." *Id.* at 284–85.

 In this case, Diedrich too was required to serve his sentences consecutively because he committed the second offense while on bond. *See* Ind.Code § 35–50–1–2(d)(2)(B) (Burns Code Ed. Repl.1998). Thus, for the reasons set forth in *Stephens* and *Corn*, we decline to follow *Muff.* We also note that the two cases relied upon by the court in *Muff* do not support the result reached in that case. The court in *Muff* relied primarily upon *Dolan*, 420 N.E.2d 1364 and *Willoughby*, 626 N.E.2d 601. To be sure, *Dolan* stands for the proposition that a defendant may be entitled to "full credit" when incarcerated on multiple offenses at the same time. *See Dolan*, 420 N.E.2d at 1373. However, the court made a critical distinction concerning mandatory consecutive sentences, suggesting that had the defendant in that case been required to serve his sentences consecutively, he would not have been entitled to "full credit" against each sentence. *Id.* at 1374. *See also Bryant v. State*, 446 N.E.2d 364, 366 (Ind.Ct.App.1983) (noting that *Dolan* allows for an award of "full credit" on each concurrent sentence).

*Willoughby* also supports the proposition that a defendant may be entitled to "full credit" on each sentence. However, the court in that case was not faced with a situation in which the defendant was confined for multiple offenses at the same time. There, the defendant after pleading guilty, was ordered to serve an executed sentence and a term of probation in Marion County. *Willoughby*, 626 N.E.2d 601. Before completing his probation, the defendant was arrested on unrelated charges in Hamilton County. Although a notice of probation violation was filed in Marion County while the defendant was still incarcerated in Hamilton County, the warrant was not served upon the defendant until

six months later "when [the defendant] was returned to Marion County." *Id.* The Marion County court revoked the defendant's probation, imposed the previously suspended sentence and awarded him credit for time spent incarcerated after the warrant was served until sentencing. The *Willoughby* court affirmed that decision upon appeal, rejecting the defendant's contention that he should have received credit from the date the notice of probation violation was filed. While the court stated that the defendant was entitled to credit for time spent incarcerated under the warrant, because the defendant was transferred to Marion County on the day the warrant was served, the defendant was not incarcerated on multiple charges at the same time. Thus, the *Willoughby* court did not need to determine whether the defendant was entitled to "full credit" on each sentence.

 For the reasons discussed, we hold that Diedrich was entitled to credit against only one of his sentences for the period of incarceration in question. While it is not clear from the record whether Diedrich received credit toward his Starke County offense for the period of incarceration in the IDOC, Diedrich does not claim that he did not. Further, based upon Diedrich's reliance upon *Muff* and his argument that he is entitled to "full credit" on each offense, it is reasonable to conclude that he did.[2] Therefore, regardless of whether it could be argued that Died-

rich spent time incarcerated in the IDOC under the Marshall County warrant,[3] Diedrich is not entitled to a "full credit" on each offense. We find no error in the Marshall Superior Court's denial of Diedrich's petition.

The judgment is affirmed.

SHARPNACK, C.J., and MATHIAS, J., concur.

---

2. In any event, we note that "the details of orchestrating the service of consecutive sentences from different courts is a matter of administrative prerogative for the Department of Correction." *Grayson v. State*, 593 N.E.2d 1200, 1208 (Ind.Ct.App.1992) (Sullivan, J., dissenting). Thus, while it is clear that Diedrich is entitled to credit against one of the sentences, the Department of Correction is ultimately responsible for the calculation of Diedrich's jail time credit and release date.

3. While the State suggests that this issue may be resolved by determining whether the time served was the result of the offense for which the defendant was sentenced, such an inquiry alone does not resolve the issue of jail time credit. *Compare Bischoff v. State*, 704 N.E.2d

129 (Ind.Ct.App.1998) (concluding that time served under a warrant was not the result of the offense for which the warrant was issued), *trans. denied, with Stephens*, 735 N.E.2d at 284 (noting that time served following defendant's arrest for burglary while incarcerated on an unrelated charge, was properly allocated to sentence for burglary, not the unrelated charge). As the cases illustrate, time spent incarcerated under a warrant may reasonably be allocated to either offense or both. Thus, it appears that the critical inquiry is whether the case involves mandatory consecutive sentences, which limit the defendant to only one credit for the period of incarceration in question. *Bischoff*, 704 N.E.2d at 130; *Stephens*, 735 N.E.2d at 284.