**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 13 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CARL S. PIATT, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 73A01-1202-CR-116 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-0803-FB-6

**September 13, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Carl Piatt appeals the trial court's denial of his Motion to Correct Erroneous Sentence, claiming he was deprived of "full credit" for the time he spent in custody between his arrest and sentencing. We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On March 19, 2008, Piatt was charged with thirty-three counts of burglary, theft, conspiracy, and corrupt business influence. An arrest warrant was served on Piatt on May 14, 2008, while he was incarcerated for convictions on separate charges originating in Shelby Superior Court I. Piatt was detained on the Shelby Superior Court I charges on April 9, 2007, and he remained in custody until he was sentenced in this case pursuant to a plea agreement on May 28, 2009. Piatt pled guilty to eight counts of burglary in exchange for varying sentences of eight and twelve years on each count, all of which would be served concurrently with each other. The plea agreement further provided that Piatt's sentences would be served concurrently with those given for his convictions in Shelby Superior Court I. The plea agreement did not provide for pre-sentence jail time credit.

On January 30, 2009, the State amended the charging instrument in this case in order to more accurately reflect the dates of Piatt's alleged crimes. The date of this amendment was mistakenly referenced as the charging date in the Pre-Sentence Investigation Report, which suggested, "[I]f credit time is to be calculated from that date . . . the defendant has a total of 119 days in custody." Appellant's App. p. 179. "[H]aving considered the Pre-Sentence Report," the trial court stated in its sentencing order that Piatt is "given credit for

119 actual days and 119 good time credit days." Appellant's App. p. 58. Piatt's trial counsel made no objection to the calculation.

On July 23, 2010, Piatt filed a pro se Petition for Jail Time Credit, which was denied on October 5, 2010. A second pro se Petition for Jail Time Credit was filed on March 4, 2011 and denied on May 4, 2011. Piatt filed a pro se Motion to Correct Erroneous Sentence on June 15, 2011, which the trial court denied that same day. On December 2, 2011, Piatt filed a second pro se Motion to Correct Erroneous Sentence, which was denied on February 6, 2012. Based on this final denial, Piatt filed a Notice of Appeal on February 23, 2012. On March 7, 2012, the trial court appointed a public defender for Piatt, who filed an Amended Notice of Appeal on April 25, 2012.

## DISCUSSION AND DECISION

Piatt argues that he is entitled to 379 days of jail credit for the time spent in custody between his arrest on May 14, 2008, and his sentencing on May 28, 2009. The State concedes that Piatt is entitled to a re-calculation of his pre-sentence jail time credit based on the same dates and events asserted by Piatt. The State neither affirms nor disputes Piatt's proposed credit calculation of 379 days, and it does not offer its own revised calculation.

When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, this court reviews the trial court's factual findings only for abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). The trial court's legal conclusions, however, are reviewed de novo. *Id.*

3

In its order denying Piatt's Motion to Correct Erroneous Sentence, the trial court found Piatt's motion to be "repetitive," and therefore, the court deferred to its previous order denying Piatt's Petition for Jail Time Credit on May 4, 2011. Appellant's App. p. 126. There, the court stated, "Defendant is not allowed double credit," as "the parties acknowledged that the sentence in this cause would be served concurrently with the sentences imposed under Shelby Superior Court I." Appellant's App. p. 100. The rule against "double credit," however, applies only to sentences that are served consecutively. *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000); *Diedrich v. State*, 744 N.E.2d 1004, 1006 (Ind. Ct. App. 2010). Where a person imprisoned awaiting sentencing on more than one charge is sentenced to concurrent terms for the separate crimes, that person is entitled to receive credit time applied against each separate term. *Stephens*, 735 N.E.2d at 284. Because Piatt's sentences were to be served concurrently, the trial court erred in denying Piatt's Motion to Correct to Erroneous Sentence.

The trial court also erred in its calculation of Piatt's jail time credit. A person who is awaiting trial or sentencing is initially assigned to Class I and earns one day of credit time for each day the person is imprisoned. Ind. Code §§ 35-50-6-4(a), -3(a). If that person is imprisoned during the same time period for multiple offenses that are tried separately, the person is entitled to a "full credit" for each offense for which he is sentenced." *Dolan v. State*, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981); *Diedrich*, 744 N.E.2d at 1006. "Full credit" in this context is calculated as "the number of days the defendant spent in

confinement from the date of arrest for the offense to the date of sentencing for that same offense." *Dolan*, 420 N.E.2d at 1373.

Here, the trial court is presumed to have calculated Piatt's jail time credit from the mistaken filing date of the charging instrument, January 30, 2009, to the date of Piatt's sentencing, May 28, 2009. In accordance with the Pre-Sentence Investigation Report's suggested calculation, the court calculated the length of Piatt's pre-sentence imprisonment as "119 actual days." Appellant's App. p. 58. Notwithstanding that the correct filing date is March 19, 2008, the trial court erred by calculating Piatt's credit from the date charges were filed. This court concludes that Piatt is entitled to "full credit" as calculated from his date of arrest, May 14, 2008, to his date of sentencing, May 28, 2009.

The judgment of the trial court is reversed and remanded with instructions to give Piatt 379 days credit time for his pre-sentencing imprisonment from May 14, 2008, to May 28, 2009.

ROBB, C.J., and BAKER, J., concur.