## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2016, 8:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey W. Elftman
Bolinger Law Firm
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandy G. Hoebee,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 31, 2016

Court of Appeals Case No.
34A04-1511-CR-1951

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause Nos.
34D04-1109-FC-151
34D04-1305-FD-69
34D04-1306-FD-104
34D04-1309-FB-156

**Brown, Judge.**

[1] Brandy G. Hoebee appeals the trial court's order denying her motion to correct credit time. Hoebee raises three issues which we consolidate and restate as whether the trial court abused its discretion in denying her motion. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] On February 10, 2012, the trial court entered judgment of conviction under cause number 34D04-1109-FC-151 ("Cause No. 151") for two counts of forgery as class C felonies and sentenced Hoebee on each count to concurrent sentences of six years with two years executed on in-home detention, the balance suspended to supervised probation, and credit for 150 actual days served awaiting disposition.

[3] On July 19, 2013, the State filed a petition to revoke suspended sentence under Cause No. 151 and alleged that Hoebee failed to report to the probation department and failed to timely inform her probation officer of the charges filed in cause number 34D04-1305-FD-69 ("Cause No. 69") and cause number 34D04-1306-FD-104 ("Cause No. 104"). On March 14, 2014, the court entered a sentencing order on the State's petition to revoke probation under Cause No. 151 and found that Hoebee violated the terms of probation. Specifically, the order states:

> Defendant's suspended sentence in the amount of 1,462 days is revoked and ordered served in the Howard County Criminal Justice Center. Defendant is given credit for time on in-home [detention] from 10/2/2012 to 10/17/12 for a total of (15) days. (no credit for day credit is given for this time) Defendant is

further given credit for time served in jail from 10/18/2012 to 11/15/2012 for a total of (29) days and further given credit from 7/24/13 to 3/13/14 for a total of (233) days for a grand total of jail credit of 262 actual days (day for day credit given). Defendant is further given credit for 176 days served on probation.

Appellant's Appendix at 40.

[4] On October 10, 2014, the court entered a sentencing order under Cause Nos. 69, 104, and 34D04-1309-FB-156 ("Cause No. 156"). Specifically, the court sentenced Hoebee to two years with one year executed and 365 days suspended to supervised probation for theft as a class D felony under Cause No. 69, to two years with one year executed and 365 days suspended to supervised probation for theft as a class D felony under Cause No. 104, and to three years executed for possession of a narcotic drug as a class D felony under Cause No. 156. The court gave Hoebee credit for time served in Cause No. 104 in the amount of 475 actual days or 950 days with day for day credit, and ordered that all three causes run consecutive to each other.

[5] On December 2, 2014, the court entered an amended sentencing order which listed Cause No. 104 in the caption, stating:

> Court finds that at the time of this sentencing, the Defendant was serving a sentence and given jail credit in Cause No. [151]. Therefore, the jail credit in this cause should be amended to read the Defendant is given credit for time served only from June 23, 2013 to July 24, 2013 in the amount of Thirty Two (32) actual days or Sixty Four (64) days with day for day credit.

> Further the sentences in Cause [Nos. 69, 104, and 156] should run consecutive to each other as well as consecutive to [Cause No. 151].

*Id.* at 94.

[6] On July 30, 2015, Hoebee filed a motion to correct credit time under Cause No. 151 and Cause No. 104. She requested that the court issue an amended abstract of judgment under Cause No. 151 and "amend Part III, line 3 to read: Incarceration, 7/24/2013, 10/10/2014, 444, 888." *Id.* at 43, 97.

[7] On September 25, 2015, the court held a hearing, and Hoebee's counsel stated:

> Ms. Hoebee was serving a sentence that was pending sentencing under two cause numbers. At one point the defendant was sentenced, the credit time was applied, an error was made in that Ms. Hoebee received credit time under a probation violation and a new case, in violation of the statute. The court, some months later, I believe in October of '14, caught the issue and corrected it. However, when the court submitted the updated abstract, the Amended Abstract of Judgment correcting the issue, it included the date to report to incarceration as the date of the correction and not the date of the original sentence, which caused the Department of Correction to deprive Ms. Hoebee, if I can reflect here in my motion, 211 days of credit time was excised because the correction did not reflect the original sentencing date in March and instead contained the October date. So by the correction in that missed date, the DOC calculated the credit time and removed credit on both causes from March 14th, 2014 to October 14th, 2014, giving neither credit towards the probation violation nor the felony charge for which she was sentenced to the Department of Corrections. The error can be corrected, Your Honor, by an Amended Abstract of Judgment

under [Cause No. 104], correcting report date to incarceration not 12/2 of 2014, but March 14th of –

Transcript of September 25, 2015 Hearing at 5-6. The trial court asked what correction he was requesting, and Hoebee's counsel stated:

> There are two possible options. One would be to change Part 4 of the abstract to read the report date for incarceration of not 12/2 of '14 but to read 3/14 of '14. . . [o]r, to change Part 3, to incarceration credit dates of confinement prior to sentencing to not 32 actual days –

Id. at 6-7. The trial court asked "Change Part 3 to?" Id. at 7. Hoebee's counsel replied: "Removing the 32 actual days and making that 243 actual days, thereby crediting the defendant for the 211 days that were missed." Id. at 7. On October 29, 2015, the court denied Hoebee's motion.

## Discussion

[8] Hoebee appears to argue that she was confined on all four cause numbers for a considerable amount of overlapping time and that the court erred in failing to award her credit time under each cause number. She concedes that her plea called for consecutive sentences, but asserts that there was no statutory requirement that such sentences be consecutive and that she should be entitled to a full credit for her presentence confinement. In other words, she asserts that she is entitled to credit time under each cause number "due to the fact that the above cases are not mandatorily consecutive." Appellant's Brief at 11.

[9] She argues that "when reviewing the final Abstracts of Judgment, it appears the time [she] spent incarcerated at the Howard County Criminal Justice Center from March 13th, 2013 until October 10th, 2013 was not applied to any of the four cause numbers."[1] *Id.* She also asserts that she was placed on home detention until her arrest on October 17, 2012, for non-compliance and that "[a]ccording to records of the home detention office [she] was scheduled for release from home detention on October 6th, 2012." *Id.* at 13. She states that she satisfied her original home detention sentence on October 6, 2012, but remained on home detention until her arrest on October 17, 2012, and that she is entitled "to good time credit applied to her sentence for this additional time spent deprived of liberty." *Id.*

[10] She argues that her plea agreement and the February 10, 2012 order called for a suspended sentence of four years, but the March 14, 2014 order revoking her probation and her suspended sentence in the amount of 1,462 days was two days greater than four years. The State concedes that Hoebee is correct that the court's calculation was erroneous, and asserts that the court should have imposed "1,461 days (365 days x 4 + 1 day for the leap year)." Appellee's Brief at 13. However, the State says this issue is moot because Hoebee has already

---

[1] Hoebee references the same months from 2014 in the next sentence in her brief. Specifically, she states that "credit for time spent incarcerated for the two hundred eleven (211) days between sentencing under [Cause No. 151] in March of 2014, and the final sentencing resolving the remaining issues in October of 2014, must be applied to at least one of her sentences." Appellant's Brief at 12.

completed her sentence. In her reply brief, Hoebee asserts that the issue is not moot and cites to an amended abstract of judgment.

[11] Initially, we note that Hoebee's motion to correct credit time is tantamount to a motion to correct erroneous sentence.[2] Generally, we review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[12] An inmate who believes she has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[13] In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court

---

[2] Indeed, Hoebee's brief mentions a "motion to correct erroneous sentence" in her standard of review. Appellant's Brief at 9.

emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.* The Court also held that the "sentence" that is subject to correction under Ind. Code § 35-38-1-15 "means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form." *Id.* at 794.

[14] With respect to Hoebee's arguments which rely upon the home detention records, her plea agreement, and parts of the record other than the judgments of conviction, resolution of these issues would require consideration of factors outside of the face of the judgments. To address these claims would require a consideration of proceedings before, during, or after her sentencing. Thus, these arguments are not properly presented by way of a motion to correct erroneous sentence. We cannot say that the trial court abused its discretion by

denying her motion on this basis. *See Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the judgment).

[15] To the extent Hoebee requested that the court issue an amended abstract of judgment and cites to the abstracts of judgment on appeal, we observe that a motion to correct erroneous sentence is not the proper vehicle. *See Robinson*, 805 N.E.2d at 794 (holding that the "sentence" that is subject to correction under Ind. Code § 35-38-1-15 "means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form," that "a motion to correct sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment," and that "[b]ecause the defendant is seeking correction of the abstract of judgment in his case, there is no error in denying the defendant's motion to correct sentence").[3]

---

[3] In *Neff*, the Indiana Supreme Court observed that it "emphasized in *Robinson* that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from an abstract of judgment." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). The Court then held that "when a defendant files a motion to correct an erroneous sentence in a county that does not issue judgments of conviction (we are currently aware only of Marion County), the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim." *Id.* We note that the trial court in Howard County entered judgments of conviction in this case.

[16] We will address Hoebee's arguments to the extent they are based on the face of the judgments. With respect to her argument that the court ordered that she serve two extra days, we note that the February 10, 2012 sentencing order in Cause No. 151 sentenced her in part to four years suspended to probation, and the March 14, 2014 sentencing order on the State's petition to revoke probation under Cause No. 151 stated that Hoebee's "suspended sentence in the amount of 1,462 days is revoked and ordered served in the Howard County Criminal Justice Center." Appellant's Appendix at 40. Four years consists of 1,460 days and 2016 is a leap year. As the State concedes, the trial court should have sentenced Hoebee to 1,461 days. Based upon the record, we cannot determine whether Hoebee has completed her sentence and decline to dismiss this argument as moot. Accordingly, we remand to the trial court to enter a revised judgment of conviction ordering that Hoebee serve her suspended sentence of 1,461 days.

[17] To the extent the faces of the judgments indicate that the court did not award Hoebee credit for time served under Cause No. 151 in the other cause numbers as well, we cannot say that reversal is required on this basis. We find *Lanham v. State*, 540 N.E.2d 612 (Ind. Ct. App. 1989), *trans. denied*, instructive. In that case, Donny Lanham was convicted of child molesting and criminal confinement. 540 N.E.2d at 612-613. The court sentenced him to ten years for child molesting with no credit time to be served consecutive to five years for confinement. *Id.* at 613. The court applied 379 days of credit time against the five-year sentence for confinement, corresponding to Lanham's pre-trial time in

jail. *Id.* On appeal, Lanham argued that the court failed to give him 379 days credit on both counts for which he was sentenced. *Id.* We rejected Lanham's argument that credit time is applied against the aggregate sentence only where the sentences are mandatorily consecutive. *Id.* at 613-614. Specifically, we held:

> Lanham confines his argument to the trial court's failure to give him 379 days credit on both counts for which he was sentenced. This precise issue was squarely decided in *Simms v. State* (1981), Ind. App., 421 N.E.2d 698. That holding is adverse to Lanham's position. Simms also had received consecutive sentences, but was awarded credit time under only the first sentence. The court held that where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit time is applied against the aggregate sentence, not against each individual sentence. *Simms, id.* The court observed that if credit were given against each sentence, defendant would receive a "double" credit, which would result in a defendant who posted bail serving more total time than the defendant who had not posted bail. *Id.* at 702.

> Lanham attempts to distinguish *Simms*, asserting that Simms' sentence was mandatorily consecutive, unlike his sentence, which the trial court had ordered to run consecutive in its discretion, utilizing statutory guidelines. Lanham reasons that a defendant charged with two offenses for which the court would be required to make consecutive upon conviction would be apprised in advance that he would only receive credit against the aggregate of those sentence. He also argues that a court ordering consecutive sentences in its discretion is retroactively removing credit time on two offenses already earned. We find little merit in Lanham's argument; the issue is not whether defendant may or may not anticipate receiving consecutive sentences, but whether defendant may be assured how his credit time will be

applied for any given outcome. Our cases remove any doubt with respect to how credit time will be applied. Lanham should not have expected to receive[] "double" credit; therefore, no credit time was "retroactively removed." The trial court has not abused its discretion in sentencing Lanham.

*Id.*

[18] To the extent Hoebee argues that credit time was required to be applied to all four of her sentences on the basis that the sentences were not statutorily required to be served consecutively, we cannot say that reversal is warranted. *See Lanham*, 540 N.E.2d at 613-614; *see also Shane v. State*, 716 N.E.2d 391, 399-400 (Ind. 1999) (rejecting the defendant's argument that his sentence was incorrectly calculated when the trial court failed to reduce each of his sentences by the 775 days he spent in prison prior to conviction, observing that he was sentenced in part to sixty years with four years suspended for murder and eight years for feticide consecutive to his murder charge, holding that "[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence," and also holding that the trial court properly applied the jail credit against the aggregate sentence) (citing *Lanham*, 540 N.E.2d at 613).

## *Conclusion*

[19] For the foregoing reasons, we reverse the denial of Hoebee's motion to correct credit time with respect to the court's March 14, 2014 order that Hoebee serve 1,462 days instead of 1,461 days, remand for the entry of a corrected judgment of conviction, and affirm the denial in all other respects.

Affirmed in part, reversed in part, and remanded.

Baker, J., and May, J., concur.