**William T. TATE, Appellant–Defendant,**

**v.**

**STATE of indiana, Appellee.**

**No. 48A02–0311–CR–962.**

Court of Appeals of Indiana.

Aug. 17, 2004.

Nicale L. Rector, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

William Tate appeals from the sentence he received following his admission that he violated the conditions of his probation and his plea of guilty to a separate charge for operating a vehicle after being adjudged an habitual traffic offender, a Class D felony. He presents one issue for our review, whether the trial court erred in failing to credit the time he was incarcerated prior to sentencing against the sentence he received.

We reverse and remand.

In 1999, Tate was charged with several offenses arising out of his operating a vehicle while intoxicated. He pleaded guilty to those charges and was eventually placed on probation. On January 7, 2003, the State filed charges against Tate for operating a vehicle after a lifetime suspension and operating a vehicle after being adjudged an habitual traffic offender. He was released on his own recognizance on February 3, 2003. On June 23, 2003, the State filed a notice claiming that Tate had violated the probation he received after he pleaded guilty in 1999. He was arrested the following day. On August 12, 2003, Tate admitted the probation violation and also pleaded guilty to operating a vehicle after being adjudged an habitual traffic offender. The charge for operating a vehicle after a lifetime suspension was dismissed. On September 10, 2003, the trial court sentenced Tate to four and one-half years incarceration for the probation violation and three years upon the guilty plea conviction. No credit time for Tate's pretrial incarceration was awarded. Rather,

the trial court stated that the credit time would be saved for the disposition of a pending case. At the time of his sentencing on September 10, Tate had entered no plea on this pending charge.

 Tate now claims that the trial court was without authority to "save" the pretrial detention credit time and apply it upon disposition of the pending charge. The State agrees. Their arguments in favor of remanding this cause so that the sentence may be revised to include credit for the pretrial detention are based upon Indiana Code § 35–38–3–2 (Burns Code Ed. Repl.1998), which reads:

"(a) When a convicted person is sentenced to imprisonment, the court shall, without delay, certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority.

(b) The judgment must include:

* * *

(4) The amount of credit, including credit time earned, for time spent in confinement before sentencing. . . ."

Likewise, Indiana Code § 35–50–6–3 (Burns Code Ed. Repl.1998) discusses the application of credit time to a defendant's sentence. Specifically, it authorizes that a defendant receive credit time, be it for Class I or Class II credit, for each day he is imprisoned for a crime or *confined awaiting trial or sentencing. Id.* In *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct.App.2000), *trans. denied,* this court noted that determination of a defendant's pretrial credit time is dependent upon two factors: (1) pretrial confinement and (2) the pretrial confinement being a result of the criminal charge for which the sentence is being imposed.

In this case, no one disputes that the pretrial confinement was based upon the charges to which Tate admitted guilt on August 12, 2003, not for the third charge which was pending at the time of sentencing. Thus, according to the clear mandates of the sentencing statutes and prior interpretation of them, Tate should have received credit time against the aggregate sentence he received for the crimes to which he had been detained prior to sentencing. *See id.* (stating that where a defendant receives consecutive terms he is allowed credit time against the total or aggregate of the terms). Because he was not detained on the pending third charge during the period in question, he could not receive any credit time against the sentence he received for it.

Nonetheless, on the surface it appears that Tate received exactly what he asked for. At the sentencing hearing, the following colloquy took place:

"Judge: Alright, and they have to be consecutive and you are asking that I save the credit time for the cases [sic] pending. I will do it however you ask me to do it. If he wants the credit time on this, I will give it to him, but he can't get it both ways.

[Counsel]: That would be my request that he save it for the case that is still pending.

[Prosecutor]: Yeah, I think that Mr. Reeder represents him on that, is that correct?

[Counsel]: Yes.

Judge: Alright, so we need to make a mental note that the credit time that he had while in pretrial detention. . . ." Transcript at 29.

From this, there can be no doubt that Tate asked the trial court to "save" the pretrial detention credit for the pending charge. A strong argument can be made that Tate has waived his right to the pretrial credit. Were we to hold that Tate had waived his right to the pretrial detention credit, Tate

would then be forced to pursue other remedies, whether they be civil or not.

Be that as it may, it appears that the law precludes the trial court from giving Tate what he and his counsel asked for. Additionally, the State did not seek to have Tate's claim waived due to his request that the credit time be saved. Rather, the State has joined Tate in arguing that the trial court could not retain the credit time for later use.

Given the clear mandate set forth in I.C. § 35–38–3–2 that the trial court must provide a copy of the judgment of conviction and sentence to the receiving authority and that it *must* include the amount of credit time earned for time spent in confinement before sentencing, in addition to case law which has consistently held that the pretrial credit must arise from pretrial confinement for the criminal charge for which the defendant is sentenced, we conclude that the trial court erred in failing to award Tate his credit time when he was sentenced. Thus, we remand to the trial court to revise the sentence so that Tate receives the credit time which he earned.

In so doing, we recognize that we do not know whether any subsequent action has been taken in regard to the third charge which was pending at the time of Tate's sentencing. If Tate has been sentenced upon that charge, it may very well be that the credit time was applied to that charge. If such is the case, the sentence upon that charge will have to be amended to reflect any changes made to the prior sentence so that Tate does not receive double credit, which was appropriately the trial court's concern based upon Tate's initial request to "save" the credit time.

We reverse, and the cause is remanded to the trial court to revise the sentence which Tate received to reflect that he is entitled to pretrial detention credit.

MAY, J., and VAIDIK, J., concur.