**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LISA DIANE MANNING**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SCOTT NEAL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 32A01-1406-CR-252 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1307-FC-94

**October 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Scott Neal (Neal), appeals the trial court's award of credit time for pre-trial detention.

We affirm.

## ISSUE

Neal raises one issue on appeal, which we restate as: Whether the trial court properly determined that Neal could not receive credit time in the case at bar for time served under another case to which the sentence in the present case was ordered to run consecutively.

## FACTS AND PROCEDURAL HISTORY

On July 31, 2013, the State filed an Information charging Neal with Count I, dealing in a look-a-like substance, a Class C felony; Count II, dealing in a substance represented to be a controlled substance, a Class D felony; and Count III, theft, a Class D felony. At the time Neal committed these offenses, he was on parole in cause number 32D02-1109-FC-145 (Cause 145). On April 17, 2014, Neal pled guilty to Count III pursuant to a plea agreement with the State, which provided that Neal would be sentenced to 545 days in the Department of Correction, with credit time determined by the court. Additionally, this sentence was to run consecutive to the sentence under Cause 145. During the sentencing hearing, the trial court opined that because the parole warrant

2

in Cause 145 was read to Neal sometime between August 18 and August 22, 2013,[1] he began serving his prison sentence in that case on that day. As such, the trial court refused to award him the entire 260 days served between his arrest and sentencing in the instant cause. Pursuant to the terms of the plea agreement, the trial court awarded Neal credit time of twenty-two days with twenty-two days of good time credit.

On April 22, 2014, Neal filed a motion to correct error, which was denied by the trial court without a hearing on May 15, 2014.

Neal now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

Although both parties agree that Neal is entitled to pre-trial credit time, they disagree as to its calculation. Because pre-trial jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Roberts v. State*, 998 N.E.2d 743 (Ind. Ct. App. 2013). However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

Indiana Code section 35-38-3-2 provides that "when a convicted person is sentenced to imprisonment, the court shall, without delay, certify . . . copies of the judgment of conviction and sentence to the receiving authority. The judgment must

---

[1] The trial court recognized that the evidence was unclear as to the date on which the parole warrant was read to Neal. By awarding Neal twenty-two days of credit time, the trial court gave him the benefit of the doubt.

3

include . . . (4) the amount of credit, including credit time earned, for time spent in confinement before sentencing." Credit is to be applied for time spent in confinement that is the result of the charge for which the defendant is being sentenced. *Stephens v. State*, 735 N.E.2d 278, 285 (Ind. Ct. App. 2000), *trans. denied*. A person imprisoned for a crime or confined awaiting trial or sentencing earns one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing. *Id*. at 284.

It is uncontroverted that Neal was incarcerated on the current charges on August 1, 2013, while he was on parole in Cause 145. Failing to post a bond, he was continually imprisoned until April 17, 2014. A parole hold in Cause 145 was issued and the warrant was read to him sometime between August 18 and 22, 2013. Neal was sentenced to 545 days pursuant to the plea agreement in the instant case and received credit for the twenty-two days he served prior to the parole hold. This sentence was to run consecutively to the sentence imposed under Cause 145.

Neal now asserts that because he was confined for 260 actual and continual days as a direct result of the criminal charges filed in the instant cause, he should have been allotted this time period as a credit towards his sentence. Because "there was absolutely no evidence presented at sentencing to show that Neal was adjudicated on his parole violation or had received credit time toward his parole violation at the time of sentencing," the 260 days should have been factored in in his current case. (Appellant's Br. p. 5). In support of his argument, Neal refers this court to *Tate v. State*, 813 N.E.2d 437 (Ind. Ct. App. 2004), where the defendant was charged in 1999 with several offenses to which he pled guilty and was placed on probation. In 2003, Tate was again charged,

4

and the State argued that he had also violated the probation he received after pleading guilty in 1999. *Id*. at 437. In August 2003, he admitted to the probation violation and pled guilty to the most recent charges. *Id*. When sentencing Tate, the trial court did not award him any credit time for his pre-trial incarceration but rather "stated that the credit time would be saved for the disposition of a third, pending case." *Id*. at 437-38. At the time of his sentencing, Tate had not entered a plea on the pending case. *Id*. at 438. On appeal, the State joined Tate in arguing that the trial court "could not retain the credit time for later use." *Id.* at 439. We agreed. Concluding that the pre-trial credit must arise from pre-trial confinement for the criminal charge for which the defendant is sentenced, we remanded to the trial court with instructions to revise the sentence so that Tate received the credit time he earned. *Id*. However, on remand, we cautioned:

> In so doing, we recognize that we do not know whether any subsequent action has been taken in regard to the third charge which was pending at the time of Tate's sentencing. If Tate has been sentenced upon that charge, it may very well be that the credit time was applied to that charge. If such is the case, the sentence upon that charge will have to be amended to reflect any changes made to the prior sentence so that Tate does not receive double credit[.]

*Id*. at 439.

We find *Tate* inapposite to the case at hand. During the instant sentencing hearing, the trial court did not 'save' Neal's credit time for use in a future, undecided case; rather, the trial court effectively held that Neal's incarceration on the parole violation during this pre-trial jail-time on the instant charges precluded the accumulation of credit time under the instant cause.

Instead, we find Neal's situation similar to *Lotaki v. State*, 4 N.E.3d 656, 657 (Ind. 2014), where our supreme court explained that when a defendant is being held on two different cases, and the sentence in one case is ordered to run consecutively to the sentence imposed in the other, to award credit time on both cases would result in more credit time than that to which the defendant is entitled and would effectively enable him to serve part of the consecutive sentences concurrently. In line with previous precedent, the *Lotaki* court held that "when consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *Id*. (citing *Corn v. State*, 659 N.E.2d 554-55-59 (Ind. 1995)).

Neal does not dispute that he was ordered to serve his sentence in the instant case consecutively to his sentence in Cause 145. The record further shows that the trial court ordered the pre-trial credit time prior to the parole hold to be credited towards his instant sentence with the pre-trial credit time in his parole case—which commenced on the date of the parole hold—to go towards the sentencing in Cause 145. As such, he received the correct amount of credit toward the aggregate of his consecutive sentences without serving "part of the consecutive sentences concurrently." *See id*. We conclude that the trial court properly applied Neal's credit time.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that Neal could not receive credit time in the case at bar for time served under another case to which the sentence in the present case was ordered to run consecutively.

Affirmed.

6

MATHIAS, J. and CRONE, J. concur