


FILED

Mar 06 2026, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Zachary Matthew Loveless,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

March 6, 2026

Court of Appeals Case No.
25A-CR-1794

Appeal from the Hancock Superior Court

The Honorable Dan E. Marshall, Judge

Trial Court Cause No.
30D02-2302-F6-203

---

**Opinion by Judge May**
Judges Altice and Foley concur.

**May, Judge.**

[1] Zachary Matthew Loveless appeals following the trial court's denial of his motion to correct error, which sought additional credit time after the trial court revoked his probation. Loveless raises one issue on appeal, which we restate as whether the trial court erred when it ruled Loveless was not entitled to credit time toward his Hancock County sentence for time he spent incarcerated in the Marion County and Hamilton County jails. We affirm.

## Facts and Procedural History

[2] In January 2023, Loveless used a fraudulent cashier's check to purchase an automobile in Hancock County. The State charged Loveless with Level 6 felony automobile theft[1] and Level 6 felony fraud[2] under cause number 30D02-2302-F6-000203 ("Cause 0203"). Pursuant to an agreement in which the State dismissed the fraud charge, Loveless pled guilty to Level 6 felony automobile theft, and the trial court sentenced Loveless to a term of 545 days. After giving Loveless credit for time served, the trial court suspended the remaining 379 days of his sentence. The trial court ordered Loveless to be placed on probation for 365 days.

[3] On May 22, 2024, the Hancock County Probation Department filed a petition to revoke Loveless's probation. The petition alleged Loveless had violated his terms of probation by engaging in criminal activity. The petition noted that on

---

[1] Ind. Code § 35-43-4-2(a)(1) (2022).

[2] Ind. Code § 35-43-5-4(b)(2) (2021).

May 17, 2024, the State charged Loveless in Marion County under cause number 49D07-2405-F5-013995 ("Cause 3995") with Level 5 felony criminal recklessness,[3] Level 6 felony criminal recklessness,[4] Level 6 felony pointing a firearm,[5] and Class A misdemeanor carrying a handgun without a license.[6]

[4]  Officers arrested Loveless in connection with Cause 3995 on October 21, 2024, and he was held in the Marion County Jail ("MCJ") awaiting trial. In Cause 3995, Loveless pled guilty pursuant to a plea agreement to Level 5 felony criminal recklessness and the State dismissed the remaining charges. Prior to Loveless's sentencing hearing, Loveless and the State completed a credit time worksheet. The worksheet provided that Loveless was not to receive any credit time and stated, "all time to go to out of county matters." (Ex. Vol. III at 8) (original formatting omitted). On February 19, 2025, the trial court in Cause 3995 sentenced Loveless to "1095 days total, 730 executed to Marion County Community Corrections Home Detention with GPS monitoring, credit time for 0 actual days and 0 earned days, 365 days suspended, and 365 days to probation." (App. Vol. II at 95.)

[5]  While Loveless was incarcerated in the MCJ, Hamilton County placed a hold on Loveless in connection with a petition to revoke Loveless's probation in

---

[3] Ind. Code § 35-42-2-2(b)(2) (2019).

[4] Ind. Code § 35-42-2-2(b)(1) (2019).

[5] Ind. Code § 35-47-4-3(b) (2014).

[6] Ind. Code § 35-47-2-1.5(e) (2022).

cause number 29D03-2209-F6-007007 ("Cause 7007"). Officers transported Loveless from Marion County to the Hamilton County Jail on February 19, 2025. On March 20, 2025, the trial court in Cause 7007 entered a judgment revoking Loveless's probation in that case and ordered Loveless to serve 180 days of his previously suspended sentence in the Hamilton County Jail. The order revoking Loveless's probation in Cause 7007 noted that "Defendant has no credit time." (*Id.* at 103.)

[6] Loveless was transported to the Hancock County Jail ("HCJ") on June 18, 2025, to answer the petition to revoke his probation in Cause 0203 that was filed in May 2024.[7] On July 2, 2025, the trial court held a fact-finding hearing regarding the petition. At the hearing, the State asked the trial court to take judicial notice of the proceedings in Cause 3995, and the trial court found Loveless violated the terms of his probation by committing criminal acts while on probation. Loveless asked the State about credit for the time he spent in the MCJ, and the deputy prosecutor responded that "the only dates I have" were for Loveless's time in the HCJ. (Tr. Vol. II at 14.) The trial court ordered Loveless to serve the balance of his suspended sentence incarcerated and directed the HCJ to determine Loveless's credit time. The HCJ determined Loveless was entitled to credit for the fourteen actual days he spent incarcerated in the HCJ, and the good time credit associated with those days.

---

[7] There is no indication that Hancock County placed a hold on Loveless prior to his transfer.

[7] On August 1, 2025, Loveless filed a motion to correct error asserting that the time he spent incarcerated in the MCJ awaiting disposition of Cause 3995 and in the Hamilton County Jail awaiting disposition of Cause 7007 should have been credited toward his sentence in Cause 0203. Loveless testified at the hearing on his motion to correct error that he believed he should receive 152 days of credit for the time he spent incarcerated outside of Hancock County. Loveless explained that he asked the trial courts in Cause 3995 and Cause 7007 not to award him credit time in those cases so that the credit time could apply to Cause 0203. The State argued Loveless should not be allowed to apply the time he spent in the MCJ and the Hamilton County Jail to his Hancock County matter because he was not in custody on the Hancock County matter at that time. On August 19, 2025, the trial court issued an order summarily denying Loveless's motion to correct error.

## Discussion and Decision

[8] Loveless challenges the trial court's denial of his motion to correct error. We review a trial court's decision on a motion to correct error for an abuse of discretion. *Alvarez v. State*, 147 N.E.3d 374, 377 (Ind. Ct. App. 2020), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law." *Id*. "Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015). We review a trial court's legal conclusions related to the award of credit time de novo. *Id*. at 331.

[9] Loveless asserts that "he is entitled to credit time on his Hancock County sentence for time he served out-of-county prior to sentencing on Causes 3995 and 7007 and while there was a warrant in on his Hancock County probation violation." (Appellant's Br. at 8.) The State argues Loveless is not entitled to credit for the time he served out-of-county because he was not being held in connection with the instant case at that time, and the State cites *Glover v. State*, 177 N.E.3d 884 (Ind. Ct. App. 2021), *trans. denied*, in support of its position.

[10] In *Glover*, Glover was arrested in January 2019 and charged with the sexual and domestic battery of his great-niece. *Id*. at 885. After spending 168 days in jail, Glover was released on bond. *Id*. In October 2019, Glover was arrested and charged with sexually molesting a second great-niece. *Id*. Glover entered into a plea agreement whereby the State agreed to dismiss the charges involving the first great-niece and Glover agreed to plead guilty to the charges involving the second great-niece. *Id*. In imposing sentence, the trial court awarded Glover credit for the time he spent incarcerated following his October 2019 arrest, but the trial court refused to award Glover credit for the 168 days he spent in jail following his January 2019 arrest. *Id*. Glover appealed that decision, and we affirmed. *Id*. We explained that the test for determining whether a defendant should receive credit for time spent in pretrial confinement "is whether the confinement was the result of the criminal charge for which the sentence was imposed." *Id*. at 886. Therefore, Glover was not entitled to credit for the 168 days he spent in jail following his January 2019 arrest because "the 168-day confinement period at issue was not for the sentence imposed – the child

molesting [of the second great-niece] – but rather was for the earlier sexual and domestic battery of a different victim[.]" *Id*.

[11] When Loveless was incarcerated in the MCJ, that period of confinement was connected to the criminal charges he faced in Cause 3995. Likewise, when Loveless was incarcerated in the Hamilton County Jail, that period of confinement was connected to the petition to revoke his probation in Cause 7007. Therefore, under *Glover*, Loveless was not eligible for credit in the Hancock County matter for the time he spent incarcerated out of Hancock County in connection with other criminal matters. Therefore, Loveless has not identified error in the denial of his credit time request.[8]

[12] We note, however, that although the credit time does not apply in Hancock County, Loveless remains entitled to credit for his time served in Marion County and Hamilton County. As we noted earlier, it is well-settled that "credit time is a matter of statutory right" such that "trial courts do not have discretion in awarding or denying such credit." *Harding*, 27 N.E.3d at 331–32. Here, Loveless asked courts in Marion County and Hamilton County to deny him all credit time based on a misapprehension that the credit time would apply elsewhere. Both courts were gracious in granting Loveless's request. However,

---

[8] Counsel should be cautious when representing that time spent incarcerated in one county will be credited towards the defendant's sentence in another county.

for reasons explained in *Tate v. State*, the law precluded the courts from doing so. 813 N.E.2d 437 (Ind. Ct. App. 2004).

[13] In *Tate*, we addressed similar circumstances, where the defendant asked to "save" credit time for use in a pending case, but he was not detained in connection with that case during the period in question. *Id.* at 438. The trial court granted the defendant's request, and the defendant later appealed, claiming "the trial court was without authority to 'save' the pretrial detention credit time and apply it upon disposition of the pending charge." *Id.* at 437. This court agreed with the defendant, determining that, although the trial court granted the defendant's request, the law nevertheless "preclude[d] the trial court from giving [the defendant] what he and his counsel asked for." *Id.* at 439. We, therefore, reversed and remanded with instructions to "revise the sentence . . . to reflect that [the defendant] is entitled to pretrial detention credit." *Id.* In the end, although the credit time did not apply in Hancock County, Loveless has a remedy in other jurisdictions to seek proper application of his credit time.

## Conclusion

[14] The trial court did not err in refusing to award Loveless credit for the time he spent incarcerated outside of Hancock County. We accordingly affirm the trial court.

[15] Affirmed.

Altice, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Katherine D. Jack
Jack Law Office, LLC
Greenfield, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Samuel J. Dayton
Supervising Deputy Attorney General
Indianapolis, Indiana