ATTORNEYS FOR APPELLANT
GREGORY F. ZOELLER
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Lisa Diane Manning
Danville, Indiana



# In the
# Indiana Supreme Court

No. 32S01-1403-CR-151

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

ADRIAN LOTAKI,

*Appellee (Defendant below).*

―――――――――――――――――――

Appeal from the Hendricks Superior Court
No. 32D05-1101-FD-29
The Honorable Stephenie LeMay-Luken, Judge

―――――――――――――――――――

On Petition To Transfer from the Indiana Court of Appeals, No. 32A01-1304-CR-136

―――――――――――――――――――

**March 11, 2014**

**Per Curiam.**

Adrian Lotaki was serving a seventeen-year sentence imposed in 2005 (the "2005 sentence")[1] when, in 2010, he struck a prison employee in the face. A jury found him guilty of

―――――――――――――――――――

[1] *See* <u>Lotaki v. State</u>, No. 71A03-1106-PC-284 (Ind. Ct. App. Nov. 7, 2012) (mem. dec. affirming the denial of post-conviction relief), *trans. denied* (Ind. Mar. 28, 2013).

battery with injury, a class D felony, and he was sentenced to an enhanced term of three years. The battery sentence was required to be imposed consecutive to the 2005 sentence. *See* Ind. Code § 35-50-1-2(d)(1) (requiring consecutive sentences when a crime is committed while the person is serving a term of imprisonment for another crime). The trial court ordered a consecutive sentence, but awarded Lotaki 471 days credit for time he served incarcerated prior to trial on the battery charge plus 471 days of Class I credit time for a total credit of 942 days against the 1095-day battery sentence. *See* I. C. §§ 35-50-6-3 & 35-50-6-4.

This award of credit time with respect to a mandatory consecutive sentence was error, and conflicts with our precedent, *see* Corn v. State, 659 N.E.2d 554, 558-59 (Ind. 1995), and Court of Appeals precedent, *see, e.g.,* Diedrich v. State, 744 N.E.2d 1004, 1005-07 (Ind. Ct. App. 2001); Emerson v. State, 498 N.E.2d 1301, 1302-03 (Ind. Ct. App. 1986) (cited in Corn). As those cases explain, when consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence. Here, the time Lotaki spent incarcerated awaiting trial on the battery charge was time he was serving the 2005 sentence, and he received credit for that time against the 2005 sentence. To award credit for this time against the battery sentence rather than against the aggregate of the consecutive sentences would result in more credit to which he was entitled and would effectively enable him to serve part of the consecutive sentences concurrently.

Some months after sentencing, the State filed a Motion to Correct Erroneous Sentence, *see* Indiana Code section 35-38-1-15, but the trial court denied the motion, and the State initiated this appeal.

2

The Court of Appeals correctly concluded the sentence was illegal pursuant to Corn and Diedrich, but calling this appeal "procedurally askew" because it is a sentencing appeal initiated by the State, the Court of Appeals granted Lotaki's motion to dismiss the appeal on grounds there was no statutory authority for the State to have initiated it. Lotaki v. State, No. 32 A01-1304-CR-136 (Ind. Ct. App. Jul. 26, 2013) (mem. dec.). We now grant the State's petition to transfer jurisdiction, and vacate the memorandum decision of the Court of Appeals pursuant to Indiana Appellate Rule 58(A).

In Hardley v. State, 905 N.E.2d 399, 402-3 (Ind. 2009), we observed that Indiana Code section 35-38-1-15 empowers the State to challenge illegal sentences notwithstanding the limitations in Indiana Code section 35-38-4-2 on the State's right to initiate appeals in criminal cases. We held that "sound policy and judicial economy favor permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record," and that the State may challenge the sentence more than thirty days after the sentencing judgment. Hardley, 905 N.E.2d at 403. Although in Hardley, the State had raised the sentencing error for the first time in a cross-appeal, that could not have occurred here because the appeal Lotaki initiated was dismissed on his motion. See Lotaki v. State, No. 32A01-1205-CR-204 (Ind. Ct. App. Oct. 5, 2012) (unpublished order). In short, the initiation of this appeal by the State is permitted.

To the extent Lotaki asserts there was no evidence that calculation of credit time on the battery charge resulted in a double credit because there was no evidence presented that he, in

3

fact, received credit for time served on the 2005 sentence while he awaited trial on the battery charge, we find the evidence at the sentencing hearing to be minimally sufficient for these purposes. (Tr. p. 15-29 (Lotaki's testimony); Exhibits A and B.) Also, while we agree with Lotaki that the better procedure is for the State to raise the issue of an illegal sentence at the earliest opportunity, Hardley expressly allows the State to raise it at a later time, and we decline to find the State's argument barred by laches in this case.

Accordingly, we grant transfer and remand this case to the trial court with instructions to re-evaluate the award of credit time consistent with this opinion, and to re-sentence Lotaki. The trial court may discharge this responsibility by (1) issuing a new sentencing order without taking any further action, (2) ordering additional briefing on sentencing and then issuing a new order without holding a new sentencing hearing, or (3) ordering a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issuing a new order based on the presentations of the parties.

Dickson, C.J., and Rucker, David, Rush, and Massa, JJ., concur.