**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 28 2014, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**HARRY H. ROBERTSON**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HARRY H. ROBERTSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1405-CR-231 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURG CIRCUIT COURT
The Honorable Kelli E. Fink, Judge
Cause No. 82C01-1202-FB-00222

**October 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Harry H. Robertson, pro se, appeals the denial of his petition for post-conviction relief (PCR), in which he challenged the trial court's denial of his motion for jail-time credit.

We reverse and remand with instructions.

On February 17, 2012, Robertson was charged in Vanderburgh County with two counts of dealing in methamphetamine, both as class B felonies, possession of methamphetamine, a class D felony, maintaining a common nuisance, a class D felony, and resisting law enforcement, a class A misdemeanor. He was also alleged to be a habitual substance offender. It appears that he was arrested on February 14, 2012 in conjunction with these charges. It also appears that from that time until the present, Robertson has been incarcerated. On April 3, 2012, the Kentucky Parole Board issued a warrant for Robertson's arrest directing that he be turned over to the authorities in Kentucky.

With respect to the Indiana charges, he eventually pleaded guilty to one count of dealing in methamphetamine as a class B felony. On February 28, 2013, he was sentenced to ten years in prison, all executed, and the sentence was ordered to be served consecutive to his Kentucky sentence. At that point, the trial court determined that Robertson was entitled to fifty days of jail-time credit, which encompassed the time from the date of his arrest until the date of the issuance of the Kentucky warrant. The court explained: "THE COURT SHOULD NOTE THE JAIL CREDIT WAS FIGURED FROM ARREST DATE UNTIL KY PAROLE PLACED A HOLD ON THE DEFENDANT FOR A VIOLATION. THIS CASE IS MANDATORILY CONSECUTIVE TO THE KY SENTENCE,

2

THEREFORE, HE SHOULD ONLY RECEIVE CREDIT UP TO THE DATE OF THE

KY HOLD." *Appellant's Appendix* at 21.

On June 19, 2013, Robertson, pro se, filed a petition for jail-time credit. The CCS

reveals that the trial court denied his petition the next day, entering the following notation:

> DEFT'S PETITION FOR JAIL CREDIT IS DENIED BECAUSE THE JAIL CREDIT WAS FIGURED FROM ARREST DATE UNTIL KY PAROLE PLACED A HOLD ON THE DEFENDANT FOR A VIOLATION. THIS CASE IS MANDATORILY CONSECUTIVE TO THE KY SENTENCE. THEREFORE, HE SHOULD ONLY RECEIVE CREDIT UP TO THE DATE OF THE KY HOLD.

*Appellant's Appendix* at 5. On February 12, 2014, Robertson, again acting pro se, filed a

second petition to correct jail-time credit. The trial court denied the second motion, this

time without comment. On March 18, 2014, Robertson, acting pro se, filed a notice of

appeal and request for appointment of pauper counsel. That request for pauper counsel

was denied on April 11, 2014. On May 5, 2014, Robertson, pro se, filed a third petition to

correct jail-time credit. That petition was denied on May 21, 2014. Robertson has not

provided us with materials sufficient to enable us to determine the bases for his second and

third petitions for jail-time credit.


Before addressing Robertson's claim, we address several bases advanced by the

State upon which we may affirm the trial court without addressing the merits of

Robertson's claim. The State first contends that Robertson's claim is barred by res

judicata. The State notes that Robertson presented his credit-time claim on two prior

occasions, and both times the court denied his request. Thus, the doctrine of res judicata

3

prevents what is essentially a relitigation of the same claim. This court has held, however, that "*any* time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion … identifies a sufficient factual basis for his eligibility, the court must address the merits of such motion." *See Weaver v. State,* 725 N.E.2d 945, 948 (Ind. Ct. App. 2000) (emphasis in original). In *Weaver*, as here, the request for jail-time credit under review was not the first such petition that had been filed by the defendant:

> In April 1997, Weaver filed a pro se motion for pre-sentence jail time credit of 609 days, which the trial court summarily denied. He did not appeal the court's ruling, but retained an attorney who filed another motion for pre-sentence jail time credit in January 1999, this time for 277 days; this, too, the court summarily denied. The trial court also denied Weaver's subsequent motion to correct error, finding that because Weaver had sought jail time credit in 1997 and the issue had been "previously adjudicated," he was "barred from filing a second Motion For Credit Time by res judicata."

*Id.* at 947. We discern no relevant difference between the defendant's posture in *Weaver* and Robertson's posture in the present case. Pursuant to *Weaver*, Robertson's petition may not be resolved on res judicata grounds.


The State also challenges Robertson's motion on procedural grounds, arguing that "his motions for jail time credit must be regarded as petitions for post-conviction relief." *Appellee's Brief* at 4. As such, the argument goes, he is bound by the rules pertaining to post-conviction proceedings, notably the one requiring the petitioner to raise all available grounds for relief in the original petition, thereby foreclosing the presentation of issues on a successive petition that had been fully adjudicated in another proceeding. *See* Ind. Post-

4

Conviction Rule 1(8). Pursuant to this, according to the State, Robertson's "opportunity to appeal the denial of his first petition for jail time credit expired on July 20, 2013, and the post-conviction rules do not allow for subsequent litigation on the same issue." *Appellee's Brief* at 4-5. The State concludes that even if the appeal of Robertson's third petition for jail-time credit is regarded as a successive petition for post-conviction relief, P.-C.R. 1(12)(a) obligates Robertson to obtain permission from this court in order to file such a petition. The State points out that Robertson did not obtain such permission.

Again we resort to *Weaver* to reject the State's argument. In that case, under circumstances substantially similar in all relevant respects to the present case, the court did not regard the appeal of the second petition for jail-time credit as a petition for post-conviction relief. Neither will we. Accordingly, we will address Robertson's petition on the merits.

Pursuant to Ind. Code App. § 35-50-1-2(d)(1) (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly), if a person "after being arrested for one (1) crime, a person commits another crime … [b]efore the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime", those sentences must be served consecutively. Robertson was arrested on February 14, 2012 for the present offense. At the time, he was on parole for drug-related convictions in Kentucky. On April 3, 2012, the Kentucky Parole Board issued a warrant for his arrest for absconding from parole supervision, failing to attend treatment for substance abuse, and failing to report a change in employment to his parole officer. Therefore, as the trial court correctly indicated, the

5

sentence for the present offense must be served consecutively to the sentence for the Kentucky offense.

"[W]hen consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014). After the issuance of the Kentucky arrest warrant on April 3, 2012 and the revocation of his probation, Robertson began serving the sentence he presumably was ordered to serve as a result of violating probation. Where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit time is applied against the aggregate sentence, not against each individual sentence. *See State v. Lotaki*, 4 N.E.3d 656. Our Supreme Court explained it thus: "to award credit for this time against the second sentence rather than against the aggregate of the consecutive sentences would result in more credit to which [the defendant] was entitled and would effectively enable him to serve part of the consecutive sentences concurrently." *Id.* at 657. Robertson is not entitled to credit against both sentences.

Having said that, we can find no evidence in the record relevant to the question of whether Robertson in fact received credit for time served on the Kentucky sentence following the issuance of the Kentucky arrest warrant, i.e., on or after April 3, 2012. Robertson tendered no such evidence to the trial court either. We could affirm the trial court on the basis that, considering this lack of evidence, we cannot say that the trial court erred in denying his request for credit time. With *Lotaki* as our guide, however, we choose instead to remand to the trial court with instructions to reevaluate Robertson's request for

6

an award of credit time. In doing so, the trial court may order a new hearing on Robertson's motion at which additional factual submissions may be considered that have some bearing on the question of whether granting Robertson's motion would result in the prohibited double credit against both the Kentucky and Indiana sentences. Among other things, this approach will hopefully obviate the possibility of future requests for pre-trial credit time premised upon the same grounds.

Reversed and remanded with instructions.

VAIDIK, C.J., and MAY, J., concur.