**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 14 2014, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CASEY J. LINDEMAN**
Lindeman Law, LLC
Huntingburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN K. HENSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 19A04-1403-CR-113 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DUBOIS SUPERIOR COURT
The Honorable Mark R. McConnell, Judge
Cause No. 19D01-1106-FD-333

**November 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ryan K. Hensley appeals the amount of credit for time served assessed by the Dubois Superior Court in its order to revoke probation. Finding no error in the trial court's denial of the additional credit time sought by Hensley, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2011, the State charged Hensley with Class D felony theft,[1] and he entered a guilty plea pursuant to an agreement that provided the charge would be amended to Class A misdemeanor conversion.[2] In accordance with the terms of the plea agreement, the trial court sentenced Hensley to one year at the Dubois County Security Center, suspended the sentence to supervised probation, and noted Hensley had credit for 72 actual days served.

In March 2012, the State petitioned to revoke Hensley's probation on the ground he had committed an offense in Vanderburgh County. He was served with the petition while he was in jail in Vanderburgh County. The Dubois Superior Court held a revocation hearing on November 13, 2013, at which Hensley admitted the violation and the court revoked his probation. The trial court imposed a sanction of 365 days in the Dubois County Security Center, ordered the sentence for the probation violation to be served consecutive to the sentence for the Vanderburgh County offense, and credited Hensley with 72 actual days served.

During the process of preparing the probation-revocation appeal, Hensley's counsel came to believe the Dubois Superior Court had inaccurately calculated Hensley's credit time.

---

[1] Ind. Code § 35-43-4-2.
[2] Ind. Code § 35-43-4-3.

Counsel petitioned for a stay of Hensley's appeal and a remand to the trial court, and we granted that motion, dismissing Hensley's appeal without prejudice and remanding for the trial court to address Hensley's allegation that the court erred in calculating his credit time.

Hensley filed a Motion to Amend Credit Time that alleged Hensley was due fifteen additional days of credit for time he served between October 29, 2013, when his pre-trial confinement ended in Vanderburgh County, and November 13, 2013, when his probation revocation hearing was held in Dubois County. The trial court denied Hensley's motion for additional credit time in an order that provided the following:

> The matter came before the Court on Defendant's Motion to Amend Credit Time filed on February 7, 2014. The Court having reviewed said Motion finds as follows:
>
> 1. The Defendant, Ryan K. Hensley seeks additional credit time from 10/30/13 to 11/13/13 toward his sentence in the above-captioned cause.
> 2. The Abstract of Judgment from Vanderburgh County in Cause No. 82C01-1203-FB-00298 shows that Defendant was sentenced in Vanderburgh County on 10/30/13. He was sentenced to a 6 year executed sentence at the Indiana Department of Corrections. He was given credit for time served of 608 actual days. This left him with 974 days to serve assuming he received 608 days of good time credit.
> 3. The Chronological Case Summary in the Dubois County Case, Cause No. 19D01-1106-FD-333, shows that Defendant was not even in Dubois County for most of the period for which he seeks credit. He was booked in to the Dubois County Security Center on 11/11/13 and was sentenced in the revocation matter on 11/13/13 to 221 days. Furthermore, this sentence was to be served consecutive to the Vanderburgh County case, 82C01-1203-FB-00298. Thus Defendant's 221 day sentence in the Dubois County matter would not begin until the Vanderburgh County sentence was complete. The Vanderburgh County sentence would not be complete, according to the Abstract, until March 1, 2015, (assuming good time credit and no time cuts). Therefore, Defendant is not entitled to any credit time in the Dubois County matter for the period from 10/30/13 to 11/13/13. That time should be applied toward his Vanderburgh County sentence.
>
> Based upon the foregoing Defendant's Motion to Amend Credit Time is hereby denied.

3

(App. at 24-25.)

**DISCUSSION AND DECISION**

To the extent a sentencing decision is not mandated by statute, we will reverse a trial court's decision only for an abuse of discretion. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). An abuse of discretion will be found if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007).

Hensley argues he has not received the credit time to which he was entitled because there were uncredited days from October 30, 2013, to November 13, 2013 – between his sentencing in Vanderburgh County and his probation revocation hearing in Dubois County. We disagree.

Indiana Code § 35-50-6-3 provides that a defendant earns credit time for each day he or she is confined while awaiting trial or sentencing. However, where a defendant is awaiting trial or sentencing on more than one offense and consecutive sentencing is imposed, "credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014).

While Lotaki was serving a seventeen-year sentence imposed in 2005, he battered a prison employee in 2010. *Id.* After convicting Lotaki of battery, the trial court imposed a three-year sentence and ordered it served consecutive to the 2005 sentence. *Id.* However, the trial court then awarded Lotaki 471 days of credit for time served between the charge and

4

the sentencing, plus 471 days of Class I credit time, against the battery sentence. *Id.* Our Indiana Supreme Court held that award of credit time against a consecutive sentence "was error" and explained:

> [T]he time Lotaki spent incarcerated awaiting trial on the battery charge was time he was serving the 2005 sentence, and he received credit for that time against the 2005 sentence. To award credit for this time against the battery sentence rather than against the aggregate of the consecutive sentences would result in more credit to which he was entitled and would effectively enable him to serve part of the consecutive sentences concurrently.

*Id.*

Hensley's probation revocation sanction was ordered served consecutive to his six-year sentence in the Vanderburgh County case, which he was to begin serving on "10/30/2013." (App. at 23.) Thus, the dates for which Hensley requests credit, between October 30, 2013, and November 11, 2013, were days that Hensley was serving his sentence for his conviction in Vanderburgh County. As a result, he is not entitled to any additional credit time against his sentence in the present case from October 30 until November 11. *See Lotaki*, 4 N.E.3d at 657.

Because Hensley has not demonstrated an abuse of the trial court's discretion, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

5