**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 15 2014, 9:59 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**YANSIE G. NORMENT**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| YANSIE G. NORMENT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1404-CR-142 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0802-FA-16

**December 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Yansie G. Norment, *pro se*, appeals the denial of his petition for jail time credit. Finding no error in the court's denial, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 29, 2008, police arrested Norment and the State charged him with three counts of dealing in cocaine.[1] On February 11, 2010, Norment pled guilty to one count of Class A felony dealing in cocaine. On March 15, 2010, the court pronounced a thirty-five year sentence in accordance with the terms of the plea agreement and awarded "255 days credit for time spent in custody awaiting disposition of this cause, together with 255 days of good-time credit." (App. at 45.)

In 2014, Norment filed a *pro-se* petition for additional jail time credit. The trial court denied that petition in an order that provided: "Defendant's jail time was correctly calculated, with the Defendant receiving credit against a sentence in a non-related cause for time spent in custody prior to July 19, 2009." (App. at 58.)

## DISCUSSION AND DECISION

To the extent a sentencing decision is not mandated by statute, we will reverse a trial court's decision only for an abuse of discretion. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). An abuse of discretion will be found if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007).

Norment argues he has not received the credit time to which he was entitled because

---

[1] One was a Class A felony, *see* Ind. Code § 35-48-4-1 (2007), and two were Class B felonies.

there were uncredited days between the date of his arrest, February 29, 2008, and July 19, 2009, which was the date when the court began giving Norment credit for time served before sentencing. Norment was not entitled to credit for those days against this sentence.[2]

Indiana Code § 35-50-6-3 provides that a defendant earns credit time for each day he or she is confined while awaiting trial or sentencing. However, if a defendant commits a crime while incarcerated or on probation for another crime, the sentences "shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." Ind. Code § 35-50-1-2(d). Our Indiana Supreme Court recently reiterated that trial courts should not give defendants credit against both sentences when calculating credit for time served against consecutive sentences from separate causes. *See State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014).

While Lotaki was serving a seventeen-year sentence imposed in 2005, he battered a prison employee in 2010. *Id.* After convicting Lotaki of battery, the trial court imposed a three-year sentence and ordered it served consecutive to the 2005 sentence. *Id.* However, the trial court then awarded Lotaki 471 days of credit for time served between the charge and the sentencing, plus 471 days of Class I credit time against the battery sentence. *Id.* Our Indiana Supreme Court held that award of credit time against a consecutive sentence was error:

[T]he time Lotaki spent incarcerated awaiting trial on the battery charge was

---

[2] Norment waived any error in the court's assignment of 255 days of credit by affirming to the trial court at the sentencing hearing that 255 was the correct number of days. *See Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) (party may not challenge invited error on appeal). We nevertheless choose to address Norment's argument on the merits.

3

time he was serving the 2005 sentence, and he received credit for that time against the 2005 sentence. To award credit for this time against the battery sentence rather than against the aggregate of the consecutive sentences would . . . effectively enable him to serve part of the consecutive sentences concurrently.

*Id.*

When police arrested Norment on February 29, 2008, he was on probation for another crime under Cause Number "02D02-0605-FD-18." (Br. of Appellant at 7.) The State filed a petition to revoke probation, and the court revoked his probation and imposed his original sentence. Norment was discharged from that sentence on "July 18, 2009." (*Id.*) Thus, Norment did not begin serving time for the charge and conviction from which he is appealing until July 19, 2009 – which is precisely the date on which Norment acknowledges the trial court began giving him credit against this sentence. As a result, he is not entitled to additional credit time against his sentence in the present cause for the time he served on the other sentence from February 29, 2008, to July 19, 2009. *See Lotaki*, 4 N.E.3d at 657.

Because Norment has not demonstrated an abuse of the trial court's discretion, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.