## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 14 2016, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Epperly, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 14, 2016 <br><br> Court of Appeals Case No. <br> 34A02-1607-CR-1567 <br><br> Appeal from the Howard Circuit Court. <br> The Honorable Douglas A. Tate, Judge. <br> Cause No. 34D03-1406-FD-522 |

**Barteau, Senior Judge**

## Statement of the Case

[1]     William Epperly appeals the trial court's calculation of presentence jail time credit.  We reverse and remand for clarification of the amount of credit time to which Epperly is entitled.

## Issue

Epperly raises one issue, which we restate as: whether the trial court erred in calculating presentence jail time credit while sentencing Epperly for violating the conditions of his probation.

## Facts and Procedural History

In June 2014, the State charged Epperly with operating a vehicle as a habitual traffic offender, a Class D felony. The parties executed a plea agreement, and Epperly pleaded guilty as charged. On March 17, 2015, the trial court sentenced him to three years, of which forty-two days were to be executed but were offset by forty-two days he had already served in jail. The remainder of the three-year sentence was suspended to probation.

On September 3, 2015, the State filed a petition to revoke Epperly's probation, alleging that he had committed new criminal offenses. On September 14, 2015, the State filed a second petition to revoke, alleging that he had committed additional new criminal offenses. The parties executed an agreement. On December 8, 2015, Epperly admitted that he had violated the conditions of his probation as set forth in the State's petitions to revoke. The trial court sentenced Epperly to serve forty days of his previously suspended sentence, with "credit for 168 days executed (9/16/15-present)." Appellant's App. Vol. 2, p. 9. The court further ordered that his remaining sentence would be served on supervised probation.

[5] On January 28, 2016, the State filed yet another petition to revoke Epperly's probation, alleging that he had committed new criminal offenses. During a June 1, 2016 hearing, Epperly admitted that he had violated the conditions of his probation as set forth in the State's petition to revoke.

[6] On June 8, 2016, the court held a sentencing hearing. Epperly informed the court that a pending criminal case had been resolved and he was serving a suspended sentence for that case. Epperly also had another pending criminal case that had not yet been resolved. During the hearing, the court told Epperly, "I'm going to show that the balance of the suspended sentence will be executed. By my calculations, you're looking at about three hundred and twenty-nine actual days." Amended Tr. p. 17.

[7] In the sentencing order, the court ordered Epperly to serve "the balance of [Epperly's] 3 year suspended sentence, with credit for 148 actual days served (06/18/14-07/08/14, 09/16/15-12/08/15 and 01/29/16-03/11/16), leaving a balance of 947 actual days." Appellant's App. Vol. 3, p. 27. This appeal followed.

## Discussion and Decision

[8] Epperly does not challenge the revocation of his probation or the trial court's determination that he should serve the remainder of his suspended sentence. Instead, he claims the trial court erred in calculating his presentence jail credit time. The State concedes that remand may be necessary to clarify the amount of time to which Epperly is entitled.

[9] In general, a trial court's sentencing decision in a probation revocation proceeding is reviewed for abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An award of presentence jail time credit is governed by a different standard. At the time Epperly committed his original criminal offense, the governing statute provided that a defendant such as Epperly who was not a credit restricted felon and who was imprisoned for a crime or imprisoned awaiting trial or sentencing would be assigned to Class I status. Ind. Code § 35-50-6-4(a) (2008). A person who committed an offense before July 1, 2014 and is classified as Class I earns one day of good credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. Ind. Code § 35-50-6-3 (2015). As a result, presentence jail time credit is a matter of statutory right, and trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001).

[10] When reviewing a contradiction between an oral pronouncement of sentence and the written sentencing order, the approach employed by Indiana appellate courts in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). We have the option of crediting the statement that accurately pronounces the sentence or remanding for clarification. *Id.*

[11] Epperly correctly notes there is a strong divergence between the sentence the trial court orally imposed at sentencing (329 days) and the sentence the trial court set forth in the written order (947 days). Epperly further challenges the

correctness of the sentencing order, stating the trial court should have given him credit for days he was incarcerated from March 11, 2016 until his date of sentencing, June 8, 2016. He claims that if he is given credit for those days, his executed sentence is only 314 days.

[12] The State concedes that the trial court's oral and written statements are in conflict but does not necessarily agree with Epperly's claim that he is entitled to credit time for the days he was incarcerated from March 11, 2016 to June 8, 2016. Specifically, the State notes Epperly was incarcerated for several pending cases during that time period and reasons that he may have received credit time in another case for those days. The State suggests that the trial court could clarify the issue on remand.

[13] When a defendant is incarcerated prior to trial on several charges, and consecutive sentences are imposed, "credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014). By contrast, when a defendant is incarcerated prior to trial on more than one case and is sentenced to concurrent terms, the defendant may receive credit time applied against each separate term. *Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016).

[14] On the record before us, we are unable to determine whether the oral sentencing statement or the written sentencing statement reflects the appropriate sentence. We are also unable to determine whether the court erred by not awarding jail credit days for the period of time from March 11, 2016

through June 8, 2016 because the record does not establish whether those days were applied to a sentence from another case. It is necessary to reverse and remand to the trial court for clarification of these issues. On remand, the court may: (1) issue a new sentencing order without taking any further action; (2) order additional briefing on sentencing and then issue a new order without holding a new sentencing hearing; or (3) order a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issue a new order based on the presentations of the parties. *Lotaki*, 4 N.E.3d at 658.

# Conclusion

For the reasons stated above, we reverse and remand with instructions to clarify the amount of credit time to which Epperly is entitled.

Reversed and remanded with instructions.

Najam, J., and Altice, J., concur.