## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 24 2017, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

James Harper
Harper & Harper, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Dennis J. Draper, III,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 24, 2017

Court of Appeals Case No.
64A03-1612-CR-2943

Appeal from the Porter Superior Court

The Honorable Roger V. Bradford, Judge

Trial Court Cause No.
64D01-0910-FB-10218

**Bradford, Judge.**

# Case Summary

[1] On October 6, 2009, Appellant-Defendant Dennis J. Draper, III was charged in Porter County with one count of Class B felony burglary ("the Porter County case"). At some point before the Porter County case was resolved, Draper was charged with and convicted of an unrelated charge of burglary in Lake County. Draper subsequently pled guilty in the Porter County case to a lesser charge of Class C felony burglary.

[2] The instant appeal involves the amount of pre-trial credit time granted to Draper by the trial court in connection to time spent incarcerated in relation to the Porter County case prior to his guilty plea. Appellee-Plaintiff the State of Indiana ("the State") concedes that Draper is entitled to some additional credit time, but argues that Draper is not entitled to the entire amount of additional credit time requested. Concluding that, as the State concedes, Draper is entitled to some of the additional requested credit time, we affirm in part, reverse in part, and remand to the trial court with instructions.

# Facts and Procedural History

## A. Facts Relating to the Porter County Case

[3] On October 4, 2009, in Porter County, Draper knowingly or intentionally broke and entered the dwelling of Alex Skomac with the intent to commit theft therein. Two days later, on October 6, 2009, Draper was charged with one count of Class B felony burglary in the Porter County case. Draper was held in

relation to the Porter County case until he posted bond on October 30, 2009. A bench warrant for Draper's arrest was ordered in connection to the Porter County case on February 1, 2010. Draper was arrested in connection to this warrant on March 5, 2010, and was held in relation to the Porter County case until he posted bond on April 5, 2010.

## B. Facts Relating to the Lake County Case

On May 22, 2010, Draper was arrested in connection to and charged under Lake County Cause 45G04-1005-FB-48 ("the Lake County case") with Class B felony burglary. Draper subsequently pled guilty in the Lake County case and was sentenced to a term of seven years.

## C. Facts Relating to the Contested Periods of Pre-Trial Confinement

While Draper was in custody awaiting trial in the Lake County case, a second bench warrant for Draper's arrest was issued in the Porter County case on June 28, 2010 ("the June 28, 2010 bench warrant").

Draper was released from the Department of Correction ("DOC") to parole in connection to the Lake County case on July 9, 2013.

On July 18, 2013, Draper was arrested in connection to the Porter County case. He was released from incarceration after his previous bonds were reinstated by the trial court on July 29, 2013.

On July 21, 2015, a third warrant for Draper's arrest was issued in connection to the Porter County case. Draper was arrested on this third warrant on July 30, 2015. Draper remained in custody until January 4, 2016, at which time he pled guilty to Class C felony burglary. Draper was released on his prior bond pending sentencing.

### D. Facts Relating to Draper's Sentence in the Porter County Case

On June 6, 2016, Draper failed to timely appear before the trial court in relation to the Porter County case. He was subsequently taken into custody and held without bond. On November 7, 2016, the trial court sentenced Draper in connection to Porter County case to a term of four years in the DOC. In sentencing Draper, the trial court found that Draper was entitled to 219 days of credit for time spent incarcerated prior to sentencing.

On November 22, 2016, Draper filed a pro se motion to correct error, in which he claimed that the trial court had failed to award him certain pre-trial credit time which he claimed that he was owed. The trial court denied Draper's motion on November 29, 2016. This appeal follows.

# Discussion and Decision

On appeal, Draper challenges the trial court's denial of certain requested pre-trial credit time. A determination of the amount of credit time a defendant is entitled to receive for time spent confined prior to trial is dependent upon the

defendant's (1) pre-trial confinement, and (2) the confinement being a result of the criminal charge for which sentence is being imposed. *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011) (citing *Bischoff v. State*, 704 N.E.2d 129, 130 (Ind.Ct.App.1998), *trans. denied*), *trans. denied*. "'Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion.'" *Id.* (quoting *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000)).

[12]   At the time that Draper committed the burglary at issue in the Porter County case, a defendant who was imprisoned for a crime or confined awaiting trial or sentencing was initially assigned to Class I and earned one day of credit time for each day that he was confined. Ind. Code § 35-50-6-3(a); *Hall*, 944 N.E.2d at 542.

> When a defendant is incarcerated on multiple unrelated charges at the same time, a period of confinement may be the result of more than one offense. *Diedrich v. State*, 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001). If a person is incarcerated awaiting trial on more than one charge and is sentenced to *concurrent* terms for the separate crimes, he is entitled to credit time applied against each separate term. *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*. However, "[w]here a defendant is convicted of multiple offenses and sentenced to *consecutive* terms, the jail credit is applied against the aggregate sentence." *Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999).

*Hall*, 944 N.E.2d at 542 (emphases added).

# A. The Period of Time that Elapsed Between June 28, 2010 and July 17, 2013

[13] Draper claims that the trial court erred in denying his request for pre-trial credit time for the period between June 28, 2010 and July 17, 2013. In support of this claim, Draper asserts that he should be considered to have been confined in the Porter County case starting on June 28, 2010, the date on which a warrant was issued for his arrest. However, we have previously concluded that a defendant is not confined for purposes of determining accrued credit time merely because a warrant has been issue for his arrest. *Willoughby v. State*, 626 N.E.2d 601, 602 (Ind. Ct. App. 1993); *Dolan v. State*, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981). Rather the confinement period begins when the defendant is actually arrested on the warrant. *Willoughby*, 626 N.E.2d at 602; *Dolan*, 420 N.E.2d at 1373.

[14] In *Willoughby*, the defendant challenged the amount of pre-trial credit time awarded to him by the trial court. Specifically, the defendant argued "that the trial court should have credited him with time served from May 19, 1992, the date the notice of probation violation was filed in Marion County, until April 21, 1993, because he was in continuous custody." *Willoughby*, 626 N.E.2d at 602. Review of the relevant facts demonstrated that although the notice of probation was filed on May 19, 1992, the defendant was not arrested and transferred to Marion County pursuant to the probation violation notice until November 12, 1992. Upon review, we noted that

> The court in *Dolan,* under very similar facts, stated that Dolan "should be credited for the time he spent in confinement from the date of his arrest for the violation of probation (May 25, 1978) to the date of his sentencing for the violation of probation (December 28, 1978). Dolan spent that time under the arrest warrant for the violation of probation." 420 N.E.2d at 1373.

*Id*. We concluded that following the logic set forth in *Dolan*, the defendant should be credited from November 12, 1992, until April 21, 1993, the time he was confined under the arrest warrant for the violation of probation.

[15] In the instant matter, it is undisputed that Draper was confined in relation to the Lake County case starting on May 22, 2010. An arrest warrant was issued in connection to the Porter County case on June 28, 2010. However, Draper was not arrested on this warrant until July 18, 2013. As such, pursuant to our prior conclusions in *Willoughby* and *Dolan*, the earliest date to which Draper could possibly be entitled to pre-trial credit in the Porter County case was July 18, 2013.[1]

[16] Furthermore, Draper is not entitled to receive pre-trial credit in the Porter County case for the time which he was incarcerated for the Lake County case as his sentences in the two cases were required to be run consecutively. At the

---

[1] Draper seems to argue that the time he spent incarcerated with relation to the Lake County case also applied to the Porter County case because a detainer was allegedly placed on him after the issuance of the June 28, 2010 warrant. However, although Draper filed petitions to lift detainer while he was serving his sentence in the Lake County case in March of 2012 and July of 2013, Draper's petitions did not contain any documentation which proves that a detainer from the June 28, 2010 warrant was actually placed on him, let alone provides any indication as to when such a detainer was allegedly entered.

time that Draper committed the burglary at issue in the Porter County case, Indiana Code section 35-50-1-2(d)(2) provided that "[i]f, after being arrested for one (1) crime, a person commits another crime … (2) while the person is released … (B) on bond; the terms of imprisonment for the crimes *shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed*." (Emphasis added). As is mentioned above, the Indiana Supreme Court has held that "when consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014); *see also Shane*, 716 N.E.2d at 400 (providing the same). Stated differently, "where consecutive sentences are required, credit time cannot be earned against each of the underlying sentences." *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009).

[17] In *Lotaki*, the defendant was charged with battery of a prison employee while incarcerated on an unrelated offense. 4 N.E.3d at 657. At sentencing for the battery, the trial court awarded the defendant credit time for the time spent incarcerated while awaiting trial. *Id*. However, the time that the defendant spent time incarcerated awaiting trial on the battery charge was time he was serving for the unrelated offense, and he received credit for that time against the unrelated offense. *Id*. Upon review, the Indiana Supreme Court held that "[t]o award credit for this time against the battery sentence rather than against the aggregate of the consecutive sentences would result in more credit to which

[defendant] was entitled and would effectively enable him to serve part of the consecutive sentences concurrently." *Id*.

[18] It is undisputed that Draper committed the offense at issue in the Lake County case while out on bond in the Porter County case. As such, pursuant to Indiana Code section 35-50-1-2(d)(2), his sentences in the two cases were statutorily required to be served consecutively. Because the sentences imposed in these cases must be served consecutively, any accrued credit time must be applied to the aggregate sentence, not to each individual sentence. *See id*. The record reveals that credit for the time period in question was applied to the aggregate sentence as it was attributed to the Lake County case. Draper does not allege, much less prove, that he did not receive credit for the period in question applied in the Lake County case. As such, we conclude that Draper has received full credit for the period between June 28, 2010 and July 9, 2013, the date on which he was released from incarceration in the Lake County case. To award Draper additional credit for this time period would result in more credit than Draper was entitled to and would effectively enable him to serve part of the consecutive sentences concurrently. *See id*.

## B.  The Period of Time that Elapsed Between July 18, 2013 and July 28, 2013

[19]     However, as the State points out, Draper is entitled to additional credit time for the period between July 18, 2013 and July 28, 2013.[2]  The record reflects that Draper was arrested in connection to the June 28, 2010 warrant on July 18, 2013.  It is undisputed that this warrant was issued in relation to the Porter County case.  Draper was confined in relation to this warrant until July 29, 2013, when he was released on his prior bonds.  As such, on remand, the trial court should award Draper pre-trial credit for the days he spent incarcerated during the period between July 18, 2013 and July 28, 2013.

## C.  The Period of Time that Elapsed Between July 31, 2015 and January 4, 2016

[20]     Draper also claims that the trial court erred in denying his request for pre-trial credit time for the period between July 31, 2015 and January 4, 2016.  The State agrees that Draper was entitled to receive credit time for this period.  The State concedes that Draper was arrested on July 30, 2015, as a result of a warrant issued in the Porter County case and was subsequently held in custody until January 4, 2016, when he pled guilty and was released on his prior bonds pending sentencing.  As such, the State further concedes that the matter should

---

[2]  It does not appear that Draper was incarcerated during the period between his release in the Lake County case on July 9, 2013 and his arrest in the Porter County case on July 18, 2013.

be remanded to the trial court with instruction for the trial court to award Draper credit for the period between July 31, 2015 and January 4, 2016.

# Conclusion

[21] Draper is not entitled to the requested credit time for the period between June 28, 2010 and July 9, 2013. However, Draper is entitled to the requested credit time for the period between July 18, 2013 and July 28, 2013. He is also entitled to the requested credit time for the period between July 31, 2015 and January 4, 2016. Accordingly, on remand, the trial court should revise its sentencing order to reflect this additional pre-trial credit.

[22] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

Najam, J., and Riley, J., concur.