## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2018, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Archie L. Brown
Hammond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Archie L. Brown,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 14, 2018

Court of Appeals Case No.
45A03-1710-CR-2497

Appeal from the Lake Superior Court.
The Honorable Samuel L. Cappas, Judge.
The Honorable Natalie Bokota, Magistrate.
Trial Court Cause No.
45G04-1101-FB-10

**Rucker, Senior Judge**

Archie L. Brown appeals the trial court's denial of his petition seeking credit for days spent in pre-trial confinement. Concluding the trial court correctly denied Brown's petition, we affirm.

# Facts and Procedural History

[2] On October 23, 2012 under terms of an agreement Brown pleaded guilty to robbery as a class C felony. The trial court sentenced Brown to eight years in the Indiana Department of Correction to be served consecutive to a sentence Brown was serving in Illinois. In its order of judgment the trial court specified that Brown "is to receive zero (0) days credit time spent in confinement as a result of this charge, because he is receiving credit under his Illinois sentences." Appellant's App. Vol. 2, p. 2.

[3] Thereafter on October 6, 2017 Brown *pro se* filed a "Petition for Jail Time and Additional Good Time Jail credit." *Id*. p. 6. According to Brown, he is entitled to credit for a period of 95 days from July 20, 2012 – "the date Brown was arrested under warrant in Illinois and transferred to the Lake County jail," (*id*. pp. 7-8), to October 23, 2012 – "the date Brown was sentenced by the Lake County court on his Indiana Robbery." *Id*. at 8. In addition, Brown contended that he is not a credit restricted felon and is entitled to an additional 95 days of Class I "good time" credit for a total of 190 days.

[4] The trial court denied Brown's petition declaring in relevant part:

> A petition for jail time credit may only be used to attack a sentence that is invalid on its face. The sentence in this case is not erroneous on its face. As the sentencing order of October 23, 2012 stated, the defendant was not granted credit for time spent incarcerated in the Lake County Jail because he was serving Illinois sentences. If the defendant wishes to further challenge his sentence, the issue must be addressed in a petition for post-conviction relief.

Order of 10-11-17 (attached to Appellant's Br. p. 10).

# Discussion and Decision

[5] Brown now appeals the trial court's denial. However, he does not address the trial court's underlying rationale, namely: a petition for jail time credit may only be used to attack a sentence that is invalid on its face. Instead, Brown proceeds to the merits of his claim. The State does likewise not responding at all to the trial court's rationale. We do so here and conclude the trial court got it right.

[6] The facts of this case are controlled by *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). In *Robinson*, after a jury trial the defendant was convicted of attempted murder and sentenced to a term of thirty years. Thereafter he filed a pro se motion to correct erroneous sentence alleging the trial court improperly failed to award both credit for time served and good-time credit. Addressing defendant's allegation our Supreme Court declared, "We . . . hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*. at 787. "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id*.

[7]    It is true that "[a]n allegation by an inmate that the trial court has not included credit time earned in its sentencing is the type of claim appropriately advanced by a motion to correct sentence." *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). However, in the case before us Brown does not allege the trial court merely omitted statutorily required information from the sentencing judgment. Instead, Brown contends that he is entitled to an additional ninety-five days of credit time, which represents the number of days he spent in pre-trial confinement prior to sentencing. But resolving this claim would require consideration of matters not clear from the face of the judgment, for example whether Brown is a credit restricted felon.[1]

[8]    Further, Brown's claim of sentencing error is not facially apparent. The order lists the conviction for robbery as a class C felony; imposes a sentence of eight years in the DOC; dictates the sentence is to be served "consecutively" with the sentence Brown was serving in a foreign jurisdiction; and awards "zero (0) days credit time spent in confinement as a result of this charge, because he is receiving credit under his Illinois sentences." Appellant's App. Vol. 2, p. 2.

---

[1] A defendant's status as a credit-restricted felon is relevant to the defendant's initial assignment to a credit-time class, which, in turn, affects the defendant's accrual of credit time toward her sentence. *See* Ind. Code § 35-50-6-4. The statute provides in pertinent part: "(b) A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II." *Id*. Here, seeking day for day good-time credit Brown asserts that he is not a credit restricted felon.

[9]     When a defendant is being held on two different cases, and the sentence in one case is ordered to run consecutively to the sentence imposed in the other, to award credit time on both cases would result in more credit time than that to which the defendant is entitled and would effectively enable him to serve part of the consecutive sentences concurrently. *See State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014). "When consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *Id.* at 657 (Finding error in the trial court's award of credit time where defendant was serving consecutive sentences); *cf. Maciaszek v. State*, 75 N.E.3d 1089, 1094 (Ind. Ct. App. 2017) (Defendant entitled to credit for actual time served in county jail after he was extradited from foreign state to await trial on an Indiana charge of felony burglary. And this was because the conviction in the burglary case did not indicate that defendant's Indiana sentence was to be served consecutively to his sentence in the foreign jurisdiction.), *trans. denied*.

[10]    In this case resolving whether and to what extent Brown received credit on his Illinois sentence – thus impacting the "zero" credit received on his Indiana sentence – are matters that are not obvious from the face of the trial court's order of judgment. Therefore, Brown's claim of sentencing error cannot be pursued through his Petition for Jail Time and Additional Good Time Jail Credit. Accordingly, the trial court properly denied the petition.

# Conclusion

We affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Altice, J., concur.